IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THERESA STOUT, as Personal Representative of the Estate of Christopher Stout, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. CIV-14-427-C |
| OKLAHOMA HIGHWAY PATROL TROOPER DANNY LONG, in his individual and official capacities, et al., | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Theresa Stout's son was killed after the vehicle he was driving was struck by gunfire from the individual Defendants. Plaintiff filed the present action raising claims pursuant to 42 U.S.C. § 1983, for excessive force in violation of the Oklahoma Constitution, and a state law-based tort claim. The United States filed a Notice of Substitution, pursuant to 28 U.S.C. § 2679(d)(1), certifying that Defendants Danny Long, James Leone, Chad Pope, Ed Grimes, and Kevin Johnson were acting as federal employees at the time of the incident. In the Notice, the United States alleged that it was the only proper Defendant for the claims against these individuals except the § 1983 individual capacity claims asserted in Plaintiff's first claim for relief. The United States then filed a Motion to Dismiss, arguing the Court lacked subject matter jurisdiction over the claims against it, as Plaintiff had failed to plead any applicable waiver of sovereign immunity.

Before the deadline for responding to the Motion to Dismiss, Plaintiff filed a motion seeking leave to amend her Complaint. Defendant United States (hereafter "Defendant") objects, arguing that Plaintiff's filing was beyond the deadline for amending as a matter of right. Defendant argues the Court should not permit Plaintiff to amend, as her motion offers insufficient grounds to permit any amendment and in any event the proposed amendment would be futile.

Because Defendant filed its motion pursuant to Fed. R. Civ. P. 12(b)(1), Plaintiff had the right to amend her complaint without leave of Court for 21 days after that motion was filed. Fed. R. Civ. P. 15(a)(1)(B). But Plaintiff missed that window and thus must obtain leave of Court to file an Amended Complaint. In pertinent part, Rule 15(a)(2) states: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

The Court finds that justice requires leave for Plaintiff to amend. First, the request comes very early in the case. There is no Scheduling Order or other deadlines imposed in the case. Indeed, certain of the Defendants have filed their Answers only within the last month. Second, whether or not the amendment would be futile cannot be determined at this time. While Defendant has the clear right to certify certain individuals were acting in the course and scope of employment, that certification is not the final word, but raises a rebuttable presumption that Plaintiff may overcome with proper proof. See Gutierrez de

Martinez v. Lamagno, 515 U.S. 417 (1995).* The new allegations raised in the proposed amended complaint lay a factual predicate for Plaintiff to challenge the certification of the Attorney General. Thus, the proposed amendment is not futile on its face. Finally, the dismissal sought by Defendant would not remove any party from the lawsuit. Each of the individuals for whom dismissal is sought would still face litigation in their individual capacities on the claim asserted in Plaintiff's first claim for relief. Thus, there is no prejudice to these individuals nor waste of judicial economy in permitting the amendment.

For the reasons set forth herein, Plaintiff's Motion to Amend Complaint (Dkt. No. 26) is GRANTED. Plaintiff shall file the Amended Complaint within 10 days of the date of this Order. Plaintiff is advised that until the Court rules otherwise, the United States is a defendant in this action and any filed Amended Complaint should reflect that status. Because the Amended Complaint raises new allegations that may affect the arguments raised therein, Defendant United States' Motion to Dismiss (Dkt. No. 8) is STRICKEN without prejudice to refiling.

IT IS SO ORDERED this 15th day of August, 2014.

*signature*

ROBIN J. CAUTHRON
United States District Judge

---

* The United States' certification has the effect of injecting it as a proper party and providing a basis for dismissal of any claims inconsistent with its sovereign immunity. It is not until a plaintiff successfully overcomes the presumption afforded the Attorney General's certification that the United States drops from the case.