IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LANCE STOUT, individually, and as Guardian
of C.S., a minor child, as Administrator of the Estate
of Stacey Michelle Stout and as individuals, and
BARBRE STOUT, individually, and as Guardian
of C.S., a minor child, as Administrator of the Estate
of Stacey Michelle Stout and as individuals

                    Plaintiffs,

v.                                                                 Case No. 13-cv-753-WPJ

STATE OF OKLAHOMA ex rel. OKLAHOMA
HIGHWAY PATROL; et al.,

                    Defendants,

consolidated with

THERESA STOUT, as personal representative of the
Estate of Christopher Stout,

                    Plaintiff,

v.                                                                 Case No. 14-cv-427-WPJ

OKLAHOMA HIGHWAY PATROL TROOPER
DANNY LONG, et al.,

                    Defendants.

**<u>MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT,
ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION,
DISMISSING ALL REMAINING DEFENDANTS WITHOUT PREJUDICE,
AND WITHDRAWING ORDER OF CONSOLIDATION</u>**

THIS MATTER comes before the Court upon the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") **(Doc. 52)**, filed May 1, 2014; and upon Plaintiff's Motion to Amend Complaint **(Doc. 77)**, filed January 30, 2015. Having reviewed the parties'

briefs and applicable law, the Court finds that Plaintiff's motion is not well taken and, therefore, is **DENIED**; that the Magistrate Judge's PFRD is ADOPTED in that all claims against the remaining Defendants should be DISMISSED WITHOUT PREJUDICE; and that the Court's earlier Order of Consolidation, **(Doc. 56)**, is WITHDRAWN.

## BACKGROUND

Although this action has been consolidated with another, the present Memorandum Opinion and Order is concerned solely with the claims and defenses raised in the action brought by Plaintiffs Lance and Barbre Stout, *Stout v. Oklahoma ex rel. Oklahoma Highway Patrol* ("*Stout I*"), 13-cv-753-WPJ, unless otherwise stated.[1] The following factual allegations, accepted as true for present purposes, are taken from Plaintiff's Complaint, **(Doc. 1)**, and Plaintiff's Proposed First Amended Complaint, **(Doc. 77 Ex. A)**.

On the evening of April 9, 2013, Decedent Stacey Stout accompanied her boyfriend to a hotel in Oklahoma City, Oklahoma. The two were leaving the hotel property in her boyfriend's vehicle when seven law enforcement officers attempted to serve an arrest warrant on her boyfriend. Those officers included Defendants Danny Long, an Oklahoma Highway Patrol Trooper; James Leone, an Oklahoma Narcotics and Dangerous Drugs Agent; Chad Pope and Ed Grimes, sheriffs' deputies from Pottawatomie County and Canadian County, respectively; Kevin Johnson, an Oklahoma City Police Sergeant; and Callen Stephens and Tarran Groom, Deputy United States Marshals.

As the individual Defendants attempted to serve the arrest warrant, Stout's boyfriend tried to drive away in his vehicle. The law enforcement officers successfully performed a tactical maneuver to stop the boyfriend's vehicle and surrounded that vehicle with their own cars. Those

---

[1] Further, the term "Plaintiffs" as used herein refers to Lance and Barbre Stout, and any citation to the docket refers to the document number in the lead case, 13-cv-753-WPJ, unless otherwise specified.

Defendants then exited their cars and fired their weapons at the vehicle. Stout's boyfriend was pronounced dead at the scene, and Stout herself died at a hospital some time later.

Plaintiffs filed their original complaint in July 2013, alleging violations of 42 U.S.C. §§ 1983, 1985, and 1986. *See* **(Doc. 1)**. In addition to bringing these claims against each of the aforementioned law enforcement officers in their individual and official capacities, Plaintiffs also named as Defendants the United States on behalf of the U.S. Marshal Service; the State of Oklahoma on behalf of the State's Highway Patrol, the Bureau of Narcotics and Dangerous Drugs, and the Department of Corrections, Probation and Parole; the Boards of Commission of Pottawatomie, Logan, Cleveland, and Canadian Counties, Oklahoma; and the City of Oklahoma City on behalf of the City's Police Department.

In early Memorandum Opinions and Orders, the Court dismissed without prejudice all claims against the City of Oklahoma City, **(Doc. 34)**; the Board of Commissioners of Cleveland County, **(Doc. 35)**; and the United States Marshal Service, **(Doc. 46)**. The Court also dismissed with prejudice all claims against Johnson in his official capacity. **(Doc. 34)**.

From December 2013 through April 9, 2014, Plaintiffs filed five Notices of Voluntary Dismissal in which they dismissed without prejudice[2] virtually all other claims against all other Defendants. *See* **(Docs. 40, 42, 48, 49, 50)**. By the time the smoke had cleared, the only remaining cause of action was the § 1983 claim against the State on behalf of the State's Highway Patrol and its Department of Corrections, Probation and Parole.[3]

---

[2] The only aberration was Plaintiffs' § 1983 claim against the Board of Commissioners for Logan County, which Plaintiffs voluntarily dismissed with prejudice.
[3] Arguably a § 1983 claim also remained pending against Long in his official capacity as a Highway Patrol Trooper, as neither the Court nor Plaintiffs ever dismissed that claim. Plaintiffs did not raise any official-capacity claims against Long and the other law enforcement officers in their proposed First Amended Complaint, and the Court will dismiss this claim for reasons expanded upon elsewhere in this Memorandum Opinion and Order.

However, after April 9, 2014, Plaintiffs suddenly went silent. On April 18, Magistrate Judge Gregory B. Wormuth issued an Order to Show Cause relating to Plaintiffs' failure to appear at a scheduled telephonic Rule 16 hearing four days earlier, as well as their failure to file a Joint Status Report as ordered by the Court. *See* (**Doc. 51**), Order to Show Cause. When Plaintiffs failed to respond to that Order, Magistrate Judge Wormuth recommended the dismissal of all remaining claims. *See* (**Doc. 52**), PFRD. Plaintiffs filed no objections.

Concerned that Plaintiffs had abandoned their case, or that Plaintiffs' counsel had abandoned their clients, the Court ordered Plaintiffs' counsel to show cause as to why they should not be sanctioned for their failure to prosecute their case and their repeated disregard of the Court orders. *See* (**Doc. 54**), Order to Show Cause. Once again, Plaintiffs did not respond to the Court's Order.

At the same time, a separate action filed by the estate of Stout's boyfriend concerning the same events was ongoing. *See Stout*[4] *v. Long* ("*Stout II*"), 14-cv-427-WPJ, (Doc. 1) (W.D. Okla. Apr. 28, 2014). After giving the parties in both cases an opportunity to object, the Court ordered the consolidation of these actions, with the present lawsuit as the lead case. *See* (**Doc. 56**), Order of Consolidation.

On January 26, 2015, plaintiff's counsel in *Stout II* entered an appearance on behalf of the Plaintiffs in *Stout I*. *See* (**Doc. 70**), Entry of Appearance. At a telephonic conference held before the Court the next day, Plaintiffs' new attorneys represented without elaboration that previous counsel had abandoned the case and expressed a desire to file a Motion to Amend for purposes of aligning Plaintiffs' claims with those raised in the consolidated case. *See* (**Doc. 75**), Clerk's Minutes.

---

[4] Stacey Stout's boyfriend was named Christopher Stout, and each Decedent is represented by one or more parents in their respective cases. Because the Court is solely addressing the claims brought by Stacey Stout's estate, the Court refers to Stacey Stout as "Stout" and Christopher Stout as her boyfriend to avoid confusion.

With the permission of the Court, Plaintiffs filed the present motion, along with the proposed First Amended Complaint, several days later. Most Defendants filed response briefs. *See* (**Docs. 78, 79, 80, 81**). Plaintiffs never filed a reply.

### PLAINTIFFS' PROPOSED FIRST AMENDED COMPLAINT

The first obvious differences between Plaintiffs' original complaint and the proposed "First Amended Consolidated Complaint" are in the case caption. Appearing again as Defendants are all seven law enforcement officers, though only in their individual capacities. Also named as Defendants again are the Boards of Commissioners of Pottawatomie and Canadian Counties, in their individual and official capacities. Plaintiffs bring no claims against any new Defendants. Nor does Plaintiff reassert any claims against the U.S. Marshal Service, any State agencies, the Boards of Commissioners of Logan and Cleveland Counties, or the law enforcement officers in their official capacities.

Also appearing in the proposed case caption is the personal representative of the estate of Stout's boyfriend. Notably, the action filed by that same party remains open and active in the consolidated case of *Stout II*.

Plaintiffs do not reassert any claims under 42 U.S.C. §§ 1985 and 1986 in their proposed First Amended Complaint. Count I alleges violations of Stout's Fourth, Fifth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. Count II alleges that Defendants' actions violated the State constitution, while Count III alleges state common-law claims. Count IV, described as an "alternative" cause of action, alleges a *Bivens* claim for excessive force against the law enforcement officers alone.

LEGAL STANDARD

After defendants have filed responsive pleadings, a plaintiff may amend his complaint only by leave of the court or upon written consent of the adverse parties. *See* FED. R. CIV. P. 15(a)(2). Rule 15(a) states that leave shall be freely given when justice so requires. *Id.* However, if the court determines there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment, a court may deny leave to amend. *Foman v. Davis*, 371 U. S. 178, 182 (1962). "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason . . . ." *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997) (citations omitted).

DISCUSSION

I. State Agencies

Magistrate Judge Wormuth previously recommended the dismissal of all remaining claims, meaning the § 1983 claim against the Oklahoma Highway Patrol and the Oklahoma Department of Corrections, Probation and Parole. Plaintiffs never objected to this recommendation, and their proposed First Amended Complaint does not list those parties as Defendants. Further, Plaintiffs have alleged no official-capacity claims in their proposed First Amended Complaint against Long or Leone, the two individual Defendants alleged to work for state agencies. In its response brief, the State of Oklahoma says that it does not object to Plaintiffs' complaint to the extent that it abandons their claims against the State and its agencies. As noted, Plaintiffs never filed a reply to the State's brief.

The Court construes Plaintiffs' filings—along with their failure to object to Magistrate Judge Wormuth's recommendations—as abandoning their claims against the State of Oklahoma

and its agencies and as acceding to the dismissal of those Defendants. Having engaged in de novo review of Magistrate Judge Wormuth's PFRD, **(Doc. 52)**, the Court adopts the PFRD insofar as that document recommends the dismissal of the State and its agencies as Defendants. *See* FED. R. CIV. P. 41(b); *see also, e.g.*, *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (construing Rule 41(b) to allow for *sua sponte* dismissal of claims for failure to prosecute or abide by court orders). Accordingly, all claims against the State of Oklahoma *ex rel.* Oklahoma Highway Patrol[5] and *ex rel.* the Oklahoma Department of Corrections, Probation and Parole are dismissed without prejudice.[6]

## II. Addition of New Plaintiff

In their response brief, the individual Defendants note that Plaintiffs seek to add Theresa Stout, the plaintiff from the consolidated case *Stout II*, to this action. Much is made of the fact that in doing so, Plaintiffs effectively seek to reinstate certain claims against Defendants that were previously dismissed in that separate action. *See* **(Doc. 64)**, Memorandum Opinion and Order. Although the Court is sympathetic to Defendants' concerns, it does not reach them, as leave to amend in this manner will be denied as unduly prejudicial and futile.

"The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011). This doctrine, which arises from the Court's ability to comprehensively manage its docket, is rooted in the principle that "[p]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 1217-18

---

[5] To the extent that any claims remain active against Oklahoma Highway Patrol Trooper Long in his official capacity, those claims are dismissed for the same reasons.

[6] The State asks that the Court dismiss these claims with prejudice pursuant to its pending motion to dismiss, **(Doc. 66)**. However, briefing on that motion has been stayed, *see* **(Doc. 76)**, and the Court sees no reason to keep these claims alive when it is apparent that they have been abandoned. The State's motion is thereby denied as MOOT insofar as it relates to the claims in *Stout I*.

(quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000)). Although claim-splitting is analyzed "as an aspect of res judicata," the existence of a final judgment is not a necessary component of this analysis. *See id.* at 1217-18 (citing *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 987 n.1 (10th Cir. 2002)). Instead, "the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion." *Hartsel*, 296 F.3d at 987 n.1.

Under the traditional claim-preclusion analysis, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *See Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 467 n.6 (1982). Since the claim-splitting analysis does not require a final judgment on the merits, a party asserting the rule against claim splitting only needs to establish that (1) the parties or their privies in both suits are identical, and (2) the causes of action in both suits are identical. *Cf. Hatch v. Boulder Town Council*, 471 F.3d 1142, 1149 (10th Cir. 2006) (quoting *Yapp v. Excel*, 186 F.3d 1222, 1226 (10th Cir. 1999)) (discussing the claim-preclusion analysis).

Here, although consolidated with the instant case, *Stout II* remains an active and separate action from the present lawsuit. *See Harris v. Ill.-Cal. Exp., Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982) (noting that the consolidation of cases does not merge the separate actions into one). In *Stout II*, Theresa Stout is named as the plaintiff, and each of the Defendants listed in the instant proposed First Amended Complaint is named as a defendant in that action. *See Stout II*, 14-cv-427-WPJ, Doc. 36. As such, if the Court were to accept Plaintiffs' proposed amendments adding Theresa Stout and her claims to this action, the parties in the two lawsuits would be identical. Further, under the "transactional approach" adhered to by the Tenth Circuit, a cause of action for claim-preclusion purposes "includes all claims or legal theories of recovery that arise from the

same transaction, event, or occurrence." *Nwosun v. Gen. Mills Restaurant*, 124 F.3d 1255, 1257 (10th Cir. 1997). In this instance, all of the claims recited in Plaintiffs' proposed First Amended Complaint arise from the same facts alleged in *Stout v. Long*, namely the shooting death of Stacey Stout's boyfriend. Such claims are therefore considered to be identical.

Plaintiffs' proposal to amend their complaint so as to add Theresa Stout and her claims to this action cannot be allowed, as doing so would unduly prejudice Defendants by forcing them to battle the same claims in the same venue in two separate cases. More importantly, though, Plaintiffs' proposed amendment must be denied as futile, as the amendment would be subject to dismissal under the rule against claim-splitting. *See Katz*, 655 F.3d at 1217; *see also Bauchman*, 132 F.3d at 562 (holding that denial of leave to amend is appropriate on futility grounds when a claim would be subject to dismissal). For these reasons, the Court denies Plaintiffs' Motion to Amend Complaint insofar as they seek to add Theresa Stout and her claims to this action.

### III.     Undue Delay

Going one step further, the individual Defendants assert that Plaintiffs' motion as a whole must be denied due to undue delay. The Court agrees.

In considering whether a motion for leave to amend a complaint is untimely, the Tenth Circuit "focuses primarily on the reasons for the delay. . . . [D]enial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (quotation omitted). "Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Id.* (quoting *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987)).

Despite the fact that almost twenty-one months have passed since Plaintiffs filed their initial complaint, and despite the fact that Plaintiffs themselves voluntarily dismissed all of the Defendants named in the proposed amended complaint over one year ago, the Court granted Plaintiffs substantial leeway in allowing them to make their case for permitting an amendment. As the moving party, Plaintiffs bears the burden of demonstrating that leave to amend would be appropriate despite any delay. *See id.* at 1206 n.6. However, the only reasons Plaintiffs give for their delay in seeking leave to amend are a conclusory claim of "abandonment of this action by previous counsel" and the remarkably blithe statement that "a cursory review of the docket sheet and Complaint reveals ample reasons as to why" amendment should be allowed. When the individual Defendants asserted at length in their response brief that these reasons were insufficient, Plaintiffs did not bother to file a reply refuting that position.

Plaintiffs' claim of abandonment of counsel, standing alone and without elaboration, cannot suffice to explain the delay in seeking leave to amend. Although Plaintiffs could conceivably argue abandonment with respect to the claims against the State Highway Patrol and Department of Corrections, Plaintiffs did not passively abandon their claims against any of the Defendants named in the proposed amended complaint. Instead, they *actively dismissed* all claims against these Defendants. Moreover, Plaintiffs do not explain why their failure to seek reinstatement of the dismissed Defendants over the past year should be chalked up to the purported abandonment of counsel, as opposed to a purposeful failure to prosecute by their previous attorneys. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993) ("[C]lients must be held accountable for the acts and omissions of their attorneys."). They do not state when or whether their earlier attorneys allegedly disappeared. They do not state that they only recently learned new facts that allowed them to reassert their claims. In short,

Plaintiffs do not give any reasons at all for their inaction or their attorneys' inaction. Because the Court must consider such reasons in determining whether a motion for leave to amend is timely, *see Minter*, 451 F.3d at 1205, and because Plaintiffs have provided none, they have failed to meet their burden under Rule 15.[7]

The Court opened the door for Plaintiffs to justify the reinstatement of previously dismissed Defendants and claims. Plaintiffs failed to adequately do so. In challenging the timeliness of the resulting motion to amend, Defendants gave Plaintiffs a further opportunity to elaborate on their justifications. Plaintiffs waived that opportunity by refusing to timely file a reply brief. Plaintiffs' Motion to Amend Complaint is therefore denied.

#### IMPACT OF THIS MEMORANDUM OPINION AND ORDER

The Court herein dismisses the two Defendants remaining in this action and otherwise denies Plaintiffs' motion for leave to amend their complaint. As a result, all claims and Defendants in this action have been dismissed, either with or without prejudice. Accordingly, a Final Judgment shall be issued concurrently with this Memorandum Opinion and Order.

Because many of the claims have been dismissed without prejudice, Plaintiffs remain free to file a new action featuring those claims. The statute of limitations applicable to causes of action for injury to the rights of another, including § 1983 claims, runs for two years from the accrual of the cause. OKLA. STAT. ANN. tit. 12, § 95(A)(3); *see also Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). The events underlying this action occurred on April 9, 2013,

---

[7] The Court's finding that Plaintiffs have not established abandonment of counsel for present purposes should not be construed as a finding that there was no such abandonment. The Court remains very concerned by the actions of Plaintiffs' earlier counsel, George Wright and Joseph Vorndran—who are still counsel of record in this case—particularly where a CM/ECF search reveals that these attorneys remain very much active in other cases in the Western District of Oklahoma. *E.g.*, *Hanover Am. Ins. Co. v. White*, 14-cv-726-HE, Doc. 13 (W.D. Okla. Feb. 27, 2015) (exhibit list filed by Wright on behalf of himself and Vorndran just one month ago). Despite the fact that Wright, as counsel of record, continues to receive email notice of filings in this case, Wright and Vorndran continue to disregard the Court's numerous orders, including orders directing them individually to show cause for their inaction in this case. Whether Plaintiffs decide to eventually to pursue a malpractice claim against their attorneys is, of course, left to their discretion.

suggesting that the limitations period may expire very soon.[8] However, because it has not expired at this time, judgment on the dismissal of any claims without prejudice will not effectively result in a dismissal with prejudice.[9]

On a final note, this case constitutes the lead action in the consolidated cases *Stout I*, 13-cv-753-WPJ, and *Stout II*, 14-cv-427-WPJ. Because all claims and Defendants in the lead case have been dismissed, the Court will withdraw its earlier Order of Consolidation, **(Doc. 56)**.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition, **(Doc. 52)**, are ADOPTED as an Order of the Court in that all claims against Defendants State of Oklahoma *ex rel.* Oklahoma Highway Patrol and State of Oklahoma *ex rel.* Department of Corrections, Probation and Parole are DISMISSED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Amend Complaint, **(Doc. 77)**, is DENIED.

**IT IS FURTHER ORDERED** that the Court's Order of Consolidation, **(Doc. 56)**, is hereby WITHDRAWN. **All future pleadings in *Stout v. Long* ("*Stout II*"), 14-cv-427-WPJ, shall no longer be filed in the lower numbered case and shall henceforth be filed on the action's original docket, 14-cv-427-WPJ.**

---

[8] The Court does not consider what effect, if any, Oklahoma's savings statute would have on this deadline. *See* OKLA. STAT. ANN. tit. 12, § 100 ("If any action is commenced within due time, and . . . if the plaintiff fail in such action otherwise than upon the merits, the plaintiff . . . may commence a new action within one (1) year after the . . . failure although the time limit for commencing the action shall have expired before the new action is filed."); *see also Hagy v. Am. Honda Motor Co.*, 125 F. Supp. 2d 456, 459 (W.D. Okla. 2000); *Pointer v. W. Heights Indep. School Dist.*, 919 P.2d 5, 6-7 (Okla. 1996).

[9] If Plaintiffs elect to re-file this action, the Court advises them to carefully consider its ruling on the plaintiff's § 1983 claims in *Stout II*. *See* **(Doc. 64)**, Memorandum Opinion and Order.

**IT IS FINALLY ORDERED** that, consistent with this Court's Order of January 28, 2015, **(Doc. 76)**, Plaintiff Theresa Stout may re-file her Motion for Reconsideration in *Stout II* within **28 days** of the entry of this Memorandum Opinion and Order. Plaintiff Theresa Stout must also file any response to Defendant State of Oklahoma's Motion to Dismiss, **(Doc. 66)**, within **21 days** of the entry of this Memorandum Opinion and Order. As specified above, both documents should be filed in *Stout II*, 14-cv-427-WPJ.

    **SO ORDERED**

_____
**UNITED STATES DISTRICT JUDGE**