IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

THERESA STOUT, as personal representative of the
Estate of Christopher Stout,

        Plaintiff,

v.                                                    Case No. 14-cv-427-WPJ

OKLAHOMA HIGHWAY PATROL TROOPER
DANNY LONG, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION FOR SECOND AMENDED COMPLAINT

THIS MATTER comes before the Court upon Plaintiff Theresa Stout's Motion for Second Amended Complaint, **(Doc. 74)**, filed April 17, 2015. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's motion is well taken in part and, therefore, is **GRANTED IN PART AND DENIED IN PART** as herein described.

### BACKGROUND

Given the voluminous filings to date, the Court assumes the reader's familiarity with the factual allegations underlying this action. However, the Court takes some time to highlight the important procedural developments.

Plaintiff's operative First Amended Complaint brings three claims. Count I alleges Fourth, Fifth, and Fourteenth Amendment violations against all Defendants pursuant to 42 U.S.C. § 1983. Count II asserts a claim of excessive force against all Defendants under the Oklahoma Constitution. Count III alleges a tort claim of "negligence/wrongful death" against all Defendants.

Prior to the filing of Plaintiff's First Amended Complaint, the United States filed a Notice of Substitution pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(1). After Plaintiff was granted leave to file her First Amended Complaint, the United States filed a second Notice of Substitution. With the exception of the individual-capacity claims in Count I, these notices had the effect of substituting the United States as the proper Defendant for all claims against Defendants Danny Long, James Leone, Chad Pope, Ed Grimes, Kevin Johnson, Callen Stephens, and Tarran Groom (together "the Individual Defendants").

The Court later overruled Plaintiff's objections to the United States' Westfall Act substitution. *See* **(Doc. 68)**, Memorandum Opinion and Order. The Court also simultaneously dismissed with prejudice Counts I and II against the United States. *See id.* In an order filed March 27, 2015, the Court allowed Plaintiff twenty-eight days to file her proposed Motion for Reconsideration. *See* **(Doc. 72)**, Memorandum Opinion and Order.

Plaintiff never filed a Motion for Reconsideration. Instead, on April 17, 2015, Plaintiff filed the instant motion seeking to amend her complaint a second time, attaching a proposed Second Amended Complaint. As grounds, Plaintiff simply states that her amended complaint dismisses Defendant Oklahoma ex rel. Oklahoma Department of Public Safety ("ODPS") and "remove[s]" Count II in full.

The United States and the Individual Defendants oppose Plaintiff's motion.[1] Aside from eliminating Count II and all claims against ODPS, the proposed Second Amended Complaint also removes the United States as a Defendant in the caption, adds new factual allegations, and adds an entirely new claim that Plaintiff has not previously alleged and that Plaintiff does not address in her motion. The proposed amended pleading also continues to allege Plaintiff's

---

[1] Because no other Defendant in this action filed a responsive brief, the Court hereafter uses the term "Defendants" to refer to the United States and the Individual Defendants unless context indicates otherwise.

§ 1983 claim against all Defendants, even though the Court has dismissed this claim as to the United States. Defendants construe Plaintiff's motion to amend as seeking to reverse the Court's previous rulings on Westfall Act substitution under a more liberal standard of review than is used to address a motion for reconsideration. Accordingly, Defendants oppose amendment as unduly prejudicial and futile.[2]

In her reply brief, Plaintiff disavows any intention of "reversing" the Court's previous rulings through her proposed Second Amended Complaint. Instead, she states, she "only attempts to preserve the dismissed claims should they be resurrected at a later date as a result of information uncovered in discovery." Plaintiff avers that additional discovery and requests filed under the Freedom of Information Act "may reveal additional facts" relevant to whether the Westfall Act substitution was merited. For the first time, Plaintiff acknowledges her effort to add a new claim, asserts conclusorily that "[t]he United States suffers no prejudice as a result" of this new claim, and then calls out Defendants for "carefully ignoring" the new claim in their response brief.

Meanwhile, with the understanding that Plaintiff was seeking to dismiss ODPS, the Court granted that party's pending motion to dismiss. *See* **(Doc. 77)**, Order. Subsequently, Plaintiff voluntarily dismissed all claims against Defendants Boards of County Commissioners of Pottawatomie and Canadian Counties (together "the County Defendants"). **(Doc. 84)**, Joint Stipulation. As of this date, the only remaining Defendants to this action are the Individual Defendants in their individual capacities (the § 1983 claim), the United States (the tort claim), and the City of Oklahoma City (both claims).

---

[2] Defendants also contend that the motion is moot, since Plaintiff only expressly bases her motion on a desire to dismiss ODPS and the Court has already granted this relief. Although the Court agrees that any amendment on this basis alone is not strictly necessary, the Court sees no harm in amending the pleading to remove references to ODPS. Moreover, since Defendants recognize that Plaintiff is plainly seeking to amend her complaint in other ways, the Court will consider those substantive requests to amend in light of Rule 15(a)(2)'s liberal standards.

3

## LEGAL STANDARD

After a plaintiff has previously amended her pleadings, she may amend her complaint only by leave of the court or upon written consent of the adverse parties. *See* FED. R. CIV. P. 15(a)(2). Rule 15(a) states that leave shall be freely given when justice so requires. *Id.* However, if the court determines there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment, a court may deny leave to amend. *Foman v. Davis*, 371 U. S. 178, 182 (1962). "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason . . . ." *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997) (citations omitted).

## DISCUSSION

Although Plaintiff does not acknowledge it in her motion, her proposed Second Amended Complaint deviates substantially from her First Amended Complaint in several important ways. *See* (**Doc. 74 Ex. 1**), Proposed Second Amended Complaint. The Court considers these changes in detail to determine whether leave to amend should be granted in each instance.

### I. Captioned Defendants

As noted, the United States has substituted itself as the proper party for several Defendants under the Westfall Act. Even before Plaintiff's objections to this substitution were overruled, the Court had previously held that "until the Court rules otherwise, the United States is a defendant in this action and any filed Amended Complaint should reflect that status." *See* (**Doc. 35**), Memorandum Opinion and Order. Accordingly, Plaintiff's First Amended Complaint listed the United States as a party, and her proposed Second Amended Complaint states that "[t]he United States has alleged that all actors were acting as United States Marshals" and that

"the Court has allowed the substitution of all defendants [*sic*]." However, Plaintiff fails to list the United States as a Defendant in the caption of her proposed Second Amended Complaint.

Plaintiff is mistaken in two respects. First, the Court has not "allowed the substitution" of the United States—as the Court has previously explained, it is the United States' Westfall Act certification itself that "ha[d] the effect of injecting it as a proper party." *See* **(Doc. 35)**, Memorandum Opinion and Order. The Court has simply ruled that Plaintiff failed to overcome the presumption in favor of this substitution. *See* **(Doc. 68)**, Memorandum Opinion and Order, at 5-10. More importantly, the United States has not been substituted for "all Defendants," but has only certified substitution as to the Individual Defendants, and only in certain capacities. The United States did not substitute itself for the Defendants that Plaintiff has now voluntarily dismissed. *See* **(Doc. 77)**, Memorandum Opinion and Order; **(Doc. 84)**, Joint Stipulation of Dismissal. Nor did the United States substitute itself in place of the City of Oklahoma City, which remains an active Defendant in this case. Finally, the United States did not substitute itself in place of the Individual Defendants with respect to the individual-capacity claims raised in Plaintiff's § 1983 claim.

That said, the Court has previously ordered that any amended complaint filed by Plaintiff should reflect that the United States is a Defendant in this action, and nothing in the progress of this case has lessened this obligation. When Plaintiff ultimately files her Second Amended Complaint, she **shall** ensure that the United States is listed as a Defendant in the case caption.

In a similar vein, Plaintiff has now voluntarily dismissed her claims against Defendants ODPS and the County Defendants. *See* **(Doc. 77)**, Memorandum Opinion and Order; **(Doc. 84)**, Joint Stipulation of Dismissal. Plaintiff **shall** ensure that her Second Amended Complaint, when filed, does not list these Defendants in the case caption.

## II. Proposed Count I

Count I as stated in the proposed Second Amended Complaint is essentially identical to the same claim in the First Amended Complaint. Defendants contend that the claim should be deemed futile because the Court has already found that it lacks subject-matter jurisdiction to consider this claim as alleged against the United States. Plaintiff claims that she is merely attempting to preserve the claim "should [it] be resurrected at a later date."

The Court first reiterates that Count I has not been dismissed in full. Although the Court has held that it lacks subject-matter jurisdiction as to this claim against the United States, that party was only substituted as the appropriate Defendant with respect to the official-capacity portion of the § 1983 claim against the Individual Defendants. *See* (**Docs. 5, 51**), Notices of Substitution. Count I remains active against all other Defendants that have not already been dismissed in this case, specifically the Individual Defendants in their individual capacities and the City of Oklahoma City. The inclusion of Count I as to the Individual Defendants in their individual capacities and the City of Oklahoma City remains appropriate.

On the other hand, the United States has substituted itself in place of the Individual Defendants in their official capacities as to this claim, and the Court has previously concluded that it lacks subject-matter jurisdiction to consider this claim against the United States. Plaintiff concedes that its amendment does nothing to affect this ruling. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (quoting *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006)). Because the Court would be forced to dismiss this claim as to the United States (and, impliedly, the Individual Defendants in their official capacities) for lack of subject-matter jurisdiction, the claim against the United States is futile. *See Bauchman*, 132 F.3d at 562

Plaintiff argues that facts uncovered during discovery may eventually warrant reconsideration of the Court's earlier decision overruling Plaintiff's objections to substitution under the Westfall Act. However, Plaintiff's mere speculation on this point does nothing to alleviate the futility of her attempted amendment at this point in time. If a plaintiff fails to state a claim in his initial pleading, the Court must dismiss the claim under Rule 12(b)(6), even if it is conceivable that the plaintiff could one day discover additional support for the claim. Likewise, Plaintiff cannot attempt to bring a futile claim now simply because she may eventually have a foundation for that claim.

Upon filing her Second Amended Complaint, Plaintiff may include the § 1983 claim alleged in Count I. However, when doing so, Plaintiff **must** specify that she only brings that claim against the Individual Defendants in their individual capacities and the City of Oklahoma City.[3]

### III. Former Count II

In her First Amended Complaint, Plaintiff brought a claim alleging "excessive force pursuant to the Oklahoma Constitution Article 2 Section 30 and *Bosh v. Cherokee County Bldg. Authority*." Plaintiff states in her motion that the purpose of her proposed Second Amended Complaint is to "remove[] this claim." No Defendant has objected to this proposed amendment. The Court will therefore allow Plaintiff to amend her complaint so as to remove this claim.

### IV. Proposed Count II

Plaintiff's proposed Count II, alleging "negligence/wrongful death," is in all respects identical to Count III in Plaintiff's First Amended Complaint. The United States has substituted itself for all remaining Defendants to this claim except for the City of Oklahoma City, and the Court has previously held that it retains jurisdiction over this claim to the extent that it states a

---

[3] This order should not be construed as opining on the sufficiency of Plaintiff's claim against these Defendants.

7

viable Federal Tort Claims Act ("FTCA") negligence claim against the United States on a failure-to-intervene theory. *See* **(Doc. 68)**, Memorandum Opinion and Order, at 15-20.[4] The City of Oklahoma City has not challenged the viability of, or the Court's jurisdiction over, this claim against it. Subject to the Court's previous ruling regarding its jurisdiction, the Court will allow Plaintiff leave to amend her complaint so as to bring this claim as Count II of her Second Amended Complaint.

Notably, as part of her proposed Count II, Plaintiff continues to assert that she is entitled to punitive damages. The City of Oklahoma City has not challenged this assertion as to the claim against it. However, the Court has previously recognized that "the FTCA prohibits the awarding of punitive damages" against the United States. *See id.* (citing 28 U.S.C. § 2674). Thus, to the extent that Plaintiff seeks punitive damages from the United States, such relief would be improper. Although the Court will allow Plaintiff to assert a prayer for relief in the form of punitive damages under her proposed Count II, this allowance is subject to the understanding that Plaintiff may not recover punitive damages from the United States under this claim.

### V.     Proposed Count III

Plaintiff's proposed Count III, purportedly brought against all Defendants, alleges "excessive force pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)." Plaintiff correctly highlights that Defendants do not address this claim in their response brief. However, Plaintiff's assertion that Defendants "carefully ignor[ed]" this claim is arguably disingenuous, given that Plaintiff herself failed to mention this claim in her motion. Indeed, Plaintiff's motion only notes two effects of her proposed Second Amended Complaint—the dismissal of ODPS, and the dismissal of her state constitutional claim.

---

[4] As the Court has previously explained, "the Court reaches no conclusions [at this time] regarding the legal sufficiency" of such a claim. *See* **(Doc. 68)**, Memorandum Opinion and Order, at 19.

The Court is somewhat irritated by Plaintiff's attempt to allege an entirely new claim in this action without expressly addressing the claim in her motion, only to accuse Defendants themselves of ignoring the claim in their briefing.

Still, Rule 15(a) directs that leave to amend "shall be freely given when justice so requires." "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Given that no Defendant has challenged the proposed claim, the Court is inclined to allow leave to so amend if the allegations in the complaint may warrant this claim.

Under *Bivens*, "an individual injured by a federal agent's alleged violation of the Fourth Amendment may bring an action for damages against the agent." *FDIC v. Meyer*, 510 U.S. 471, 484 (1994) (citing *Bivens*, 403 U.S. at 397). Since *Bivens* claims are limited to actions against *federal agents*, such claims may not encompass relief against a municipality or its employees. *Cf. Trusdale v. Bell*, 85 F. App'x 691, 696 (10th Cir. 2003) (unpublished) ("[B]ecause all of the defendants are alleged to be employees either of Oklahoma or municipal entities within Oklahoma, a *Bivens* action is improper." (citing *Robbins v. Wilkie*, 300 F.3d 1208, 1211-12 (10th Cir. 2002))); *see also Corr. Servs. Corps. v. Malesko*, 534 U.S. 61, 68 (2001) (noting the Supreme Court's reluctance "to extend *Bivens* liability to any . . . new category of defendants"). Plaintiff's proposed Count III would be subject to dismissal for failure to state a claim if brought against the City of Oklahoma City, and as such an amendment that allows such a claim to proceed would be futile. *See Bauchman*, 132 F.3d at 562.

Nor may this claim be brought against either the United States or the Individual Defendants in their official capacities. "The United States and its agencies are not subject to suit under *Bivens*." *Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir. 1997) (citing *Meyer*, 510

9

U.S. at 484-85). Likewise, "[t]here is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity." *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) (internal citations omitted). Accordingly, Plaintiff's proposed *Bivens* claim against these Defendants must also be denied as futile.

That leaves the Individual Defendants, whom the United States has certified were federal employees acting within the scope of their federal employment. Nothing on the face of Plaintiff's proposed *Bivens* claim against these Defendants suggests that the claim would be futile, and Defendants lodge no such argument. Further, the Court does not construe the late addition of this claim as an attempt "to present 'theories seriatim' in an effort to avoid dismissal." *Cf. Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (quotation omitted). It appears that Plaintiff's failure to bring this claim at an earlier time was not due to any improper purpose, but instead was based on her vociferous opposition to the United States' position that the Individual Defendants were acting within the scope of their federal employment. Now that the Court has spoken unambiguously on the question of the United States' Westfall Act certification, the Court sees no prejudice in allowing Plaintiff to assert her claims of constitutional violations through the mechanism of a *Bivens* action.

Nonetheless, Plaintiff's *Bivens* claim against these Defendants is inherently in conflict with her § 1983 against these same Defendants in Count I. Whereas "§ 1983 creates a cause of action against individuals who violate federal law while acting 'under color of *state* law,'" *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1353 (10th Cir. 1996) (emphasis added), a *Bivens* action may lie only against individuals acting under color of *federal* law, *see Meyer*, 510 U.S. at 484. The Individual Defendants were acting as either state or federal agents; it follows that they could not be liable under both § 1983 and *Bivens*. The Court therefore construes Plaintiff's

proposed *Bivens* claim against the Individual Defendants as brought in the alternative to her § 1983 claim against these same Defendants.[5] Thus, Plaintiff should be allowed leave to amend her complaint to include her proposed Count III, provided that Plaintiff expressly limits this claim as against the Individual Defendants in their individual capacities, and provided that Plaintiff notes that this claim is brought in the alternative to her § 1983 claim against these Defendants.

VI.     **Additional Factual Allegations**

Finally, the Court notes that Plaintiff has included two paragraphs in the "Factual Allegations" section of her proposed Second Amended Complaint that did not appear in her First Amended Complaint. Defendants generally contend that Plaintiff is seeking the reversal of the Court's earlier overruling of her objections to the United States' Westfall Act certification, and they argue that such attempts should be rejected as unduly prejudicial and futile. Plaintiff responds that she is not attempting to reverse the Court's earlier rulings.

Plaintiff's new allegations, included in proposed ¶¶ 35 and 36, are quoted in full:

35. On information and belief, there is not an organized program to ensure that the individual Defendants are fully trained in the policies and procedures of the United States Marshal's Service.

36. On information and belief, the individual Defendants were operating under their respective agency's policies and procedures when they attempted to serve the arrest warrant and shot and killed Mr. Stout and had there been any discipline for their actions in attempting to serve that warrant, it would have been pursuant to their respective agency's policies and procedures and not the policies of the United States Marshal's Service.

**(Doc. 74 Ex. 1)**, Proposed Second Amended Complaint, at 7-8.

---

[5] Plaintiff's counsel in this action also represents the estate of the Decedent's girlfriend in a related case, and the plaintiffs in that case expressly pleaded their *Bivens* claim as one brought "in the alternative." *See Stout v. Long*, 15-cv-379-WJ, Doc. 6, at 14 (W.D. Okla. Apr. 8, 2015) (First Amended Complaint). The Court assumes that Plaintiff intended to do the same here.

It is apparent that these allegations—concerning whether the Individual Defendants were operating under federal policies or state and local policies—are intended as direct attacks on the United States' Westfall Act certifications, which assert that the Individual Defendants were acting within the scope of federal employment at all relevant times. *See* 28 U.S.C. § 2679(d)(1). Plaintiff gives no other reason for the inclusion of these new factual allegations, and the Court will not concoct such reasons for her. The Court has previously given Plaintiff leave to amend for the express purpose of "lay[ing] a factual predicate . . . to challenge the [Westfall Act] certification of the Attorney General." **(Doc. 35)**, Memorandum Opinion and Order, at 3. Her failure to cure any deficiencies by including these allegations in her previous amended pleading constitutes a basis for denying her leave to amend at this time. *See Foman*, 371 U.S. at 182 (allowing the denial of leave to amend for "repeated failure to cure deficiencies by amendments previously allowed").

Moreover, the Court agrees that allowing such leave now would unduly prejudice Defendants. After the United States filed its initial Westfall Act certification, Plaintiff successfully sought leave to amend her complaint. When the United States again certified substitution under the Westfall Act, Plaintiff filed objections. The Court has overruled those objections, yet Plaintiff is once again seeking to "lay a factual predicate . . . to challenge the certification." "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target.'" *See Minter*, 451 F.3d at 1206 (quotation omitted). As Defendants observe, the liberal standards of Rule 15 do not negate "the proposition that there must be an end finally to a particular litigation." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (quotation omitted). The Court will not require Defendants to

once again address the issue of Westfall Act substitution in this case.[6] In the absence of a valid stated reason for Plaintiff's failure to include these factual allegations in her previous pleadings, the Court concludes that leave to amend on this basis should be denied. *See id.*

### CONCLUSION

In summary, Plaintiff may file her proposed Second Amended Complaint, provided that she first revises the document to conform with the dictates of this Memorandum Opinion and Order, to wit:

- Plaintiff must list the United States as a Defendant in the case caption and remove Defendants ODPS and the County Defendants from the caption;

- Plaintiff's proposed Count I must specify that this claim is only brought against the Individual Defendants in their individual capacities and the City of Oklahoma City;

- Plaintiff may include her proposed Count II, on the understanding that insofar as this claim is brought against the United States, it is brought on an FTCA failure-to-intervene theory and cannot lead to the recovery of punitive damages;

- Plaintiff's proposed Count III must specify that this claim is only brought against the Individual Defendants in their individual capacities, and that this claim is brought in the alternative to Plaintiff's proposed Count I;

- Plaintiff's proposed ¶¶ 35-36 may not be included in the pleading; and

- any other conditions the Court has imposed in this Memorandum Opinion and Order.

Once this Second Amended Complaint is filed, the Court will construe Count I (the § 1983 claim) as brought against the Individual Defendants in their individual capacities and the City of Oklahoma City; Count II ("negligence/wrongful death") as against the United States and

---

[6] Notably, the United States has not (yet) filed any Westfall Act certification in the related action, 15-cv-379-WJ.

the City of Oklahoma City; and Count III (the *Bivens* claim) as against the Individual Defendants in their individual capacities.

Plaintiff **must** file her revised Second Amended Complaint **within fourteen (14) days** of the entry of this Memorandum Opinion and Order. Upon the filing of that pleading, Defendants will have **fourteen (14) days** to file their responsive pleading(s).

**SO ORDERED**

_____
**UNITED STATES DISTRICT JUDGE**