IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

THERESA STOUT, as personal representative of the
Estate of Christopher Stout,

        Plaintiff,

v.                                                        Case No. 14-cv-427-WPJ

UNITED STATES OF AMERICA, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT CITY'S PARTIAL MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendant City of Oklahoma City's ("Defendant" or "City") Partial Motion to Dismiss (**Doc. 98**), filed October 29, 2015. Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is well-taken and therefore **GRANTED** as herein described.

### FACTUAL BACKGROUND

Given the filings to date, the Court assumes the reader's familiarity with the factual allegations underlying this action. However, the Court highlights relevant procedural developments. The City filed a Partial Motion to Dismiss (**Doc. 98**) on October 29, 2015. Plaintiff Theresa Stout ("Plaintiff") filed a Response (**Doc. 104**) on November 30, 2015. The City filed a Reply (**Doc. 105**) on December 7, 2015.

### LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a case for failure to state a claim upon which relief can be granted. Rule 8(a)(2), in turn, requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled

to relief." Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept all the complaint's factual allegations as true, the same is not true of legal conclusions. *See id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

## DISCUSSION

Plaintiff's Second Amended Complaint (**Doc. 96**), filed October 15, 2015, alleges claims against the City under 42 U.S.C. § 1983 and a state law negligence/wrongful death claim. Plaintiff has also alleged a negligence/wrongful death claim against the United States under the Federal Tort Claims Act ("FTCA"), as well as *Bivens* and § 1983 claims against the individual law enforcement officers. The individual defendants are all employees of local law enforcement agencies, with the exception of Defendants Stephens and Groom, who were serving as Special Deputy U.S. Marshals at the time of the incident.

Defendant argues that the FTCA provides that it is the exclusive remedy for torts committed by a federal employee, including temporary agents. *See Farag v. United States*, 587 F. Supp. 2d 436, 471 (E.D.N.Y. 2008). The United States' certification that an individual was acting in a federal capacity automatically converts a tort-based claim against an individual to an action against the United States. *See Void-El v. O'Brien*, 811 F. Supp. 2d 255, 259–60 (D.C. Cir. 2011). Defendant notes that this Court has already overruled Plaintiff's objections to the United

2

States' certification and spoken unambiguously on the question of the United States' Westfall Act certification (**Doc. 68**). Thus, Defendant argues that the United States is the only proper defendant for the tort-based claims of negligence/wrongful death based on state law. Because the individual local law enforcement officers were all acting as federal employees at the time of the incident, any alleged negligent conduct is attributable to the federal government, not the City. Thus, Defendant concludes that Plaintiff's Second Claim for Relief should be dismissed.

Plaintiff argues that the United States' Westfall Act certification does not apply to the City itself as the City is not and cannot be a federal employee. Additionally, the FTCA does not shield the City from liability for their alleged failure to properly train their employees, and municipalities may be considered persons under § 1983 and therefore liable for constitutional violations. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Additionally, Plaintiff argues that Defendant Johnson was acting as an employee of the City and was still operating pursuant to the scope of the City's employment when the incident occurred. Under the loaned servant doctrine, there is a factual question as to whether or not the City released full authority and control of Officer Johnson to the United States Marshal's Service. Plaintiff argues that the facts as presented show that the City had not surrendered full control of Officer Johnson to the United States.

The City replies, and the Court agrees, that the majority of Plaintiff's Response Brief responds to an argument that the City seeks dismissal of all claims against it on FTCA grounds. However, the City only seeks dismissal of Plaintiff's state law negligence/wrongful death claim against the City. The Court has already determined that the Attorney General certified that the individuals defendants were federal employees acting within the scope of their employment, and Plaintiff failed to show facts rebutting the presumption that substitution under the Westfall Act

was proper (**Doc. 68**). The Tenth Circuit has also recognized that the United States should be substituted as the sole defendant when an action is brought under the FTCA. *See Richman v. Straley*, 48 F.3d 1139, 1145 (10th Cir. 1995). Further, a law enforcement officer's conduct can be attributed to the federal government despite the fact that the officer is employed by a municipality. *See West v. City of Mesa*, No. CV-12-00657-PHX-DGC, 2015 WL 1959467, *9 (D. Ari. April 29, 2015). The Court agrees that because the individual local law enforcement officers were all acting as federal employees at the time of the incident, any alleged negligent conduct is attributable to the federal government, not the City. Thus, Plaintiff's Second Claim for Relief alleging negligence/wrongful death as to the City will be dismissed. The Court makes clear that Plaintiff's First Claim for Relief, a 42 U.S.C. § 1983 claim against the City, remains in the litigation and therefore the City itself remains as a Defendant.

Accordingly, the Court finds that Defendant's Partial Motion to Dismiss is well-taken and therefore **GRANTED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE