# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

THERESA STOUT, as personal representative of the
Estate of Christopher Stout,

        Plaintiff,

v.                                                                                                                                               Case No. 14-cv-427-WPJ

UNITED STATES OF AMERICA, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendant Individual Defendants' Motion to Dismiss (**Doc. 99**), filed October 29, 2015. Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is well-taken in part and not well-taken in part and therefore **GRANTED** in part and **DENIED** in part, as herein described.

### FACTUAL BACKGROUND

Given the filings to date, the Court assumes the reader's familiarity with the factual allegations underlying this action. However, the Court highlights relevant procedural developments. The Individual Defendants filed a Motion to Dismiss (**Doc. 99**) on October 29, 2015. Plaintiff Theresa Stout ("Plaintiff") filed a Response (**Doc. 103**) on November 30, 2015. The United States filed a Reply (**Doc. 106**) on December 7, 2015. Oral argument on Defendant' Motion to Dismiss was held on July 7, 2016.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a case for failure to state a claim upon which relief can be granted. Rule 8(a)(2), in turn, requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept all the complaint's factual allegations as true, the same is not true of legal conclusions. *See id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

## DISCUSSION

Plaintiff's Second Amended Complaint (**Doc. 96**) brings a claim under 42 U.S.C. § 1983 against the Individual Defendants, and in the alternative, a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff alleges that the Individual Defendants used excessive force, failed to intervene and prevent the use of excessive force, and failed to render aid to Plaintiff. The Individual Defendants argue that Plaintiff has failed to allege a plausible claim and that Plaintiff has failed to allege specific acts on the part of particular individual defendants. Additionally, the Individual Defendants argue that Plaintiff has failed to override the presumption of qualified immunity, specifically failing to allege the actions of individual defendants, allege a constitutional violation arising from the failure to intervene claim, and allege

2

a constitutional violation arising from the failure to render care claim. The Court addresses each of these three arguments in turn.

## I. Plaintiff Has Failed to Allege a Plausible Claim

The Individual Defendants first argue that Plaintiff's Second Amended Complaint implicates that all of the Defendants agreed to a bizarre conspiracy theory to execute Christopher Stout ("Mr. Stout"). The Individual Defendants continue that in order to believe Plaintiff's claims, one must believe that there was a conspiracy on the part of the Federal Task Force. They conclude that because Plaintiff's claims are essentially fictitious, the Complaint fails to state a claim for relief.

Plaintiff responds that common sense shows that a breakdown in gun discipline and the emotions of the moment plausibly caused the death of Mr. Stout. Plaintiff also notes that further information regarding the details of the incident are peculiarly within the possession and control of the Individual Defendants. Further, motive is not relevant, as the reasonableness of force used in seizing a person is judged on whether the force was objectively reasonable, not on the basis of the officers' motives.

The Court finds that Plaintiff has met the *Iqbal/Twombly* standard and sufficiently alleged the plausibility that the Individual Defendants used excessive force and had a reasonable opportunity to intervene to stop the unreasonable use of deadly force by other officers.

## II. Plaintiff Has Failed to Allege Specific Acts

The Individual Defendants next argue that Plaintiff has failed to identify any specific actions by specific Defendants that violated Mr. Stout's constitutional rights and instead, Plaintiff has grouped all Defendants into a "team effort" theory of liability. Additionally, Plaintiff alleges that each of the Individual Defendants should be assumed to have engaged in the

exact same conduct, yet the claims against the Individual Defendants differ. The Individual Defendants point to *Stone v. Simone*, in which the plaintiff alleged specific acts but did not identify the specific defendants who committed those acts. *See* 610 Fed. App'x 751, 754 (10th Cir. 2015) (unpublished).

Plaintiff responds that the Tenth Circuit has held that an individualized inquiry is not necessary when "all defendants actively and jointly participated in the use of force." *Estate of Booker v. Gomez*, 745 F.3d 405, 422 (10th Cir. 2014). Given that all of the Individual Defendants are alleged to have fired into the car, it is not necessary to determine which of the officers fired the shot that resulted in Mr. Stout's death. Further, it is alleged that none of the Individual Defendants acted to end this excessive use of force. Plaintiff argues that *Stone* involved a plaintiff who suffered distinct injuries by distinct actors, but failed to specify which actors caused him distinct injuries. By contrast, Plaintiff alleges that each of the Individual Defendants used excessive force at the same time and in the same manner.

The Court finds that Plaintiff has sufficiently alleged specific acts taken by specific Defendants. Plaintiff's allegations are more analogous to *Booker* than to *Stone*. In *Stone*, the plaintiff used collective terms such as officers and defendants in alleging a 42 U.S.C. § 1983 claim, even though his factual allegations alleged that defendant Simone drew his weapon, another officer fired his Taser at plaintiff, and he was subsequently assaulted a third time. *See* 610 Fed. App'x at 754. By contrast, in *Booker*, several officers restrained the plaintiff at the same time in response to alleged insubordination. The Tenth Circuit concluded that all defendants actively participated in a coordinated use of force on plaintiff, and thus, if excessive force occurred, all defendants contributed to it. *See* 745 F.3d at 422. In this case, Plaintiff has alleged that all officers fired their weapons at Mr. Stout at around the same time, and all failed to

intervene and taking steps to the prevent the use of force by other officers. The Court finds that this case involves an indivisible injury that does not require Plaintiff to identify specific actions taken by specific Defendants, such as which Defendant fired the fatal shot. Were the Court to agree with the Individual Defendants, a plaintiff would essentially be barred from ever moving beyond the motion to dismiss stage when a case involved multiple defendants and an indivisible injury.

### III. Qualified Immunity

The Individual Defendants next argue that because Plaintiff has failed to establish that any particular Individual Defendant violated a clearly established constitutional right, Plaintiff has failed to override the presumption of qualified immunity.

### A. Plaintiff Cannot Show That Any Particular Defendant Used Excessive Force

The Individual Defendants argue that Plaintiff must be able to make individualized allegations to establish that each Individual Defendant seized Christopher and that the use of force by each Individual Defendant was objectively unreasonable. As Plaintiff has failed to identify which Individual Defendant(s) actually made the alleged seizure, the Individual Defendants lack notice, and this lack of notice precludes Plaintiff from overcoming the presumption of immunity. Additionally, Plaintiff has failed to allege that any Individual Defendant violated the Constitution.

Plaintiff argues that she alleges that each officer named as a Defendant used lethal and excessive force. Plaintiff asserts that she has overcome the presumption of qualified immunity based on the totality of the circumstances in *Graham v. Connor*, 490 U.S. 386 (1989), as the severity of the crime was generally low and non-violent, Mr. Stout did not pose an immediate threat to the safety of the officers, and he surrendered once his truck was stopped and therefore

was no longer actively resisting or evading arrest. Given Plaintiff's allegations, which are accepted as true at the Motion to Dismiss stage, no objectively reasonable cause existed for the use of lethal force. Plaintiff concludes that she has alleged Fourth Amendment violations of clearly established rights prohibiting the use of excessive and unreasonable force.

The Court finds that the Individual Defendants cannot avoid liability by requiring Plaintiff to identify which officer made the fatal shot, information which may peculiarly be only in the hands of the Individual Defendants. Plaintiff's allegations, accepted as true, sufficiently overcome the presumption of qualified immunity at the Motion to Dismiss stage based on the totality of the circumstances in *Graham v. Connor*, 490 U.S. at 396–97.

**B.  Plaintiff Improperly Alleges a Failure to Intervene**

The Individual Defendants next argue that Plaintiff has not alleged sufficient facts showing that the Individual Defendants had a realistic opportunity to prevent the harm from occurring. Because Plaintiff pled that the alleged shooting happened *immediately* after the Individual Defendants exited the car, there was no failure to prevent excessive force. For a successful failure to intervene claim, Plaintiff must be able to show that the defendant officer: (1) had a realistic opportunity to intervene to prevent harm from occurring; (2) that the alleged harm was caused by the actions of other officers; and (3) that the defendant officer observed or had reason to know that excessive force is being used, a citizen is unjustifiably arrested, or a constitutional violation had been committed by law enforcement. *See Vondrak v. City of Las Cruces*, 535 F.3d 1198, 1210 (10th Cir. 2008). The Individual Defendants argue that Plaintiff cannot show that a realistic opportunity to intervene existed. The furthest the Tenth Circuit has gone to deny qualified immunity occurred where non-participants observed excessive force over a period of three to five minutes. *See Fogarty v. Gallegos*, 523 F.3d 1157, 1164 (10th Cir. 2008).

Plaintiff agrees that the issue in claiming that an officer failed to intervene is whether an officer had sufficient time to intercede or was capable of preventing the harm caused by another officer. Plaintiff alleges that there was such an extended barrage of gunfire that the officers emptied their clips and may have stopped and reloaded. Thus, each Individual Defendant had an opportunity not only to stop shooting themselves, but to call for others to cease fire. Plaintiff points to cases where the opportunity to intervene can be afforded to an officer in a relatively brief moment. *See, e.g.*, *Matta v. City of Farmington*, 791 F. Supp. 2d 1118, 1157 (D.N.M. 2011) (finding that a reasonable jury could conclude that eleven seconds elapsing while another officer pointed his gun at the plaintiffs was a realistic opportunity to intervene). The time horizon as to what constitutes an opportunity to intervene is fact specific and ultimately a question for the jury. *See Herrera v. Santa Fe. Pub. Sch.*, 956 F. Supp. 2d 1191, 1228 (D.N.M. 2013). With all officers ready to shoot when Mr. Stout raised his hands, the Individual Defendants had an opportunity to prevent the use of deadly force, such as instructing Mr. Stout to get out of the truck. Further, the Individual Defendants had a duty to take reasonable steps to prevent the assault by the other officers from continuing. Thus, Plaintiff concludes that there was a realistic opportunity to intervene to prevent the harm from occurring.

Defendants reply that Plaintiff has defined the right too generally to overcome the presumption of qualified immunity. The question is not whether it was clearly established that a law enforcement official must prevent another official's use of excessive force, but whether there is an obligation to intervene while another defendant was shooting.

The Court finds that Plaintiff has properly pled a claim of failure to intervene. The Tenth Circuit has denied qualified immunity at the summary judgment stage for an alleged excessive use of force lasting between three and five minutes, reasoning that the time period along with the

officer's presence for the arrest supported a conclusion that the officer could have prevented the plaintiff's injuries. *See Fogarty v. Gallegos*, 523 F.3d 1157, 1164 (10th Cir. 2008). At the Motion to Dismiss stage, the Court must accept all the Complaint's factual allegations as true and evaluate whether Plaintiff has stated a claim for relief that is plausible on its face. Plaintiff alleges that there was such an extended barrage of gunfire that the officers emptied their clips and may have stopped and reloaded. Thus, each Defendant had an opportunity not only to stop shooting themselves, but to call for others to cease fire. Additionally, Plaintiff has alleged that the officers were in relatively close proximity to one another, as their vehicles surrounded Mr. Stout's vehicle after one of the officers performed the tactical vehicle intervention. As alleged, the excessive force used by the Individual Defendants was not short-lived or immediate. Further, seventy-five shots were fired and only two were lethal: one bullet striking Mr. Stout and one bullet striking his passenger, Stacey Stout. The Court finds that Plaintiff has plausibly alleged that each Individual Defendant had an opportunity not only to stop shooting themselves, but to call for others to cease fire.

C. **Plaintiff Improperly Alleges a Failure to Render Care**

Finally, the Individual Defendants argue that Plaintiff has failed to allege sufficient facts to bring their failure to render care claim beyond the Motion to Dismiss stage. In order to be liable, each Individual Defendant must recognize an unreasonable risk and actually intend to expose Plaintiff to those risks without regard for the consequences. *See Christiansen v. City of Tulsa*, 332 F.3d 1270, 1281–82 (10th Cir. 2003). The Individual Defendants conclude that Plaintiff's generic allegations fail to meet this pleading standard.

Plaintiff responds that in limited circumstances, the Constitution imposes upon the State affirmative duties of care and protection with respect to particular individuals. *See DeShaney v.*

8

*Winnebago Cty. Dep't of Soc. Serv.*, 489 U.S. 189, 200 (1989). The Tenth Circuit has held that a proper danger creation claim requires Plaintiff to demonstrate that that: "(1) the charged state entity and the charged individual actors created the danger or increased plaintiff's vulnerability to the danger in some way; (2) the plaintiff was a member of a limited and specifically definable group; (3) defendants' conduct put plaintiff at substantial risk of serious, immediate, and proximate harm; (4) the risk was obvious or known; (5) defendants acted recklessly in conscious disregard of that risk; and (6) such conduct, when viewed in total, is conscience shocking." *Christiansen v. City of Tulsa*, 332 F.3d 1270, 1281 (10th Cir. 2003). Plaintiff argues that her claim satisfies each of the criteria: (1) when the Individual Defendants surrounded Mr. Stout's vehicle and pointed their guns, the risk to him was markedly increased and imminent; (2) Mr. Stout was clearly identifiable as a person at risk; (3) the conduct of the Individual Defendants placed Mr. Stout at the substantial risk; (4) the risk was obvious and known; (5) the Individual Defendants acted recklessly in conscious disregard when they fired upon Mr. Stout; and (6) the actions of the Individual Defendants shocked the conscience.

While originally pled as a failure to render care, both Plaintiff and the Individual Defendants seem to have morphed the claim into a danger creation theory, with both parties citing to *Christiansen*. The Court initially finds that Plaintiff has failed to satisfy the necessary criteria as alleged to plead the failure to render care. Plaintiff alleges that "[O]nce the Individual Defendants detained Mr. Stout, by way of leaving him physically incapacitated in a vehicle, the Individual Defendants had a duty to render aid, or at least not to delay others from rendering aid" (**Doc. 96**, at 9). Yet Plaintiff has made no allegations that the Individual Defendants failed to render aid or delayed others from rendering aid. Indeed, the Second Amended Complaint states that upon information and belief, Mr. Stout was pronounced dead at the scene. As to the danger

9

creation theory, the Court agrees with the Individual Defendants that *Christiansen* is inapplicable because there, the Tenth Circuit analyzed a violation of the substantive due process clause under the Fifth Amendment, while excessive force claims in the context of a seizure are analyzed under the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). Additionally, Plaintiff's reliance on *DeShaney v. Winnebago Cty. Dep't of Soc. Serv.* is inapplicable as that case was decided under the Eighth Amendment. *See* 489 U.S. 189, 200 (1989). Thus, the Court finds that Plaintiff's claim regarding a failure to render care shall be dismissed.

## Conclusion

The Court finds that Plaintiff's failure to render care claim shall be **DISMISSED** with **PREJUDICE**. However, the Court declines to dismiss Plaintiff's claims regarding excessive force and failure to intervene, and as such, they will remain in the litigation.

Accordingly, the Court finds that Defendants' Motion to Dismiss is well-taken in part and not well-taken in part, and therefore **GRANTED** in part and **DENIED** in part for the reasons stated herein.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE