IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

THERESA STOUT, as personal representative of the
Estate of Christopher Stout,

        Plaintiff,

v.                                                Case No. 14-cv-427-WPJ

UNITED STATES OF AMERICA, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING
UNITED STATES' MOTION TO DISMISS**

THIS MATTER comes before the Court upon Defendant United States' Motion to Dismiss (**Doc. 100**), filed October 29, 2015. Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is well-taken and therefore **GRANTED** as herein described.

### FACTUAL BACKGROUND

Given the filings to date, the Court assumes the reader's familiarity with the factual allegations underlying this action. However, the Court highlights relevant procedural developments. The United States filed a Motion to Dismiss (**Doc. 100**) on October 29, 2015. Plaintiff Theresa Stout ("Plaintiff") filed a Response (**Doc. 103**) on November 30, 2015. The United States filed a Reply (**Doc. 107**) on December 7, 2015. Oral argument on the United States' Motion to Dismiss was held on July 7, 2016.

### LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a case for failure to state a claim upon which relief can be granted. Rule 8(a)(2), in turn, requires a

complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept all the complaint's factual allegations as true, the same is not true of legal conclusions. *See id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

## DISCUSSION

Plaintiff's claim against the United States arises under the Federal Tort Claims Act ("FTCA"), alleging that the employees and agents of the United States had a duty to intervene and prevent other law enforcement officers from using excessive force. Plaintiff alleges that the employees and agents breached that duty when they failed to intervene to stop the firing of approximately 75 bullets at Christopher Stout ("Mr. Stout").

The United States first argues that Plaintiff's claim should be dismissed for failure to state a claim upon which relief can be granted. The United States notes that Plaintiff's Second Amended Complaint (**Doc. 96**) does not identify which officers could have intervened or the means by which they could have intervened, contains no allegations that the officers knew that any particular individual would discharge their weapons, and does not allege deliberation amongst the United States' officers regarding the shooting.

Second, the United States argues that under the FTCA, the United States is liable for tort claims in the same manner and extent as a private individual under like circumstances. *See* 28 U.S.C. § 2674. Correspondingly, federal courts only have jurisdiction over claims for damages under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *See* 28 U.S.C. § 1346(b)(1). Thus, the United States is not liable under the FTCA unless state law recognizes a comparable liability for private persons. *See Ayala v. United States*, 49 F.3d 607, 610–11 (10th Cir. 1995). Oklahoma state law does not impose a duty on an actor to anticipate or prevent the intentional or criminal acts of a third party unless: (1) the actor has a special responsibility toward the one who suffers the harm; and (2) where the actor's own affirmative act has created or exposed the other to a high degree of risk of harm through such misconduct. *See Henry v. Merck & Co.*, 877 F.2d 1489, 1492 (10th Cir. 1989); *Wofford v. Eastern State Hosp.*, 795 P.2d 516, 518 (Okla. 1990). The special responsibility requires a foreseeability of the specific risk to the victim. *See id.* at 1492. The United States argues that Plaintiff's Second Amended Complaint contains no allegations sufficient to create foreseeability. Further, the United States' officers have no special responsibility toward fleeing fugitives, and absent some pre-shooting act of misconduct by the United States' officers, there was no obligation to intervene.

Plaintiff counters that the claims that the officers of the United States failed to intervene are well supported by the facts set out in the Second Amended Complaint. Plaintiff has alleged that there was such an extended barrage of gunfire that the officers emptied their clips and may have stopped and reloaded, giving each officer ample opportunity to call for the others to cease fire. Further, Plaintiff has alleged that the officers ordered Mr. Stout to raise his hands prior to the shooting, giving further opportunity to prevent the use of deadly force. As to the United

3

States' second argument, Plaintiff argues that the United States is liable under both types of special circumstances that create a duty to anticipate and prevent the acts of a third party. First, Plaintiff argues that Mr. Stout was no longer a fleeing fugitive and was in the officer's custody when the events took place. Additionally, Mr. Stout was effectively restrained once the officers disabled Mr. Stout's vehicle. At that point, the officers had a special responsibility toward Mr. Stout. Next, the second exception is met when the officers pointed their guns at Mr. Stout, which no one could reasonably question placed him at a recognizable high risk of harm. *See Holland ex. rel. Overdorff v. Harrington*, 268 F.3d 1179, 1192 (10th Cir. 2008) ("[P]ointing of firearms directly at persons inescapably involves the immediate threat of deadly force."). The officers who pointed their weapons at Mr. Stout thus had a duty under Oklahoma law to intervene to prevent him from suffering unnecessary harm. Additionally, Plaintiff argues that under Oklahoma law, "[n]egligent performance of a law enforcement function is not shielded from liability under Oklahoma Governmental Tort Claims Act." *State ex rel. v. Okla. Dep't of Public Safety v. Gurich*, 238 P.3d 1, 4 (Okla. 2010). Thus, just as a private citizen in Oklahoma conducting a citizen's arrest would have a "special responsibility" toward the arrestee, the United States has that same responsibility as a private person for purposes of the FTCA.

In its Reply, the United States reiterates its argument that Plaintiff has failed to plead facts to support its argument that the officers had the opportunity to intervene and breached that duty. Next, the United States argues that Plaintiff has failed to show that the officers had advance notice of a shooting or reasonably knew that a shooting would occur, and thus has failed to show foreseeability. As to the two types of special circumstances that create a duty to anticipate and prevent the acts of a third party, the United States argues that neither should apply. First, there is no special relationship with fleeing felons, and there are serious differences between the initial

4

moment of seizure and being held in the custody of law enforcement. Mr. Stout was not in the custody of law enforcement. Oklahoma courts have followed the Restatement and limited the obligation of protection to those instances in which the person is deprived from their normal power of self-protection. *See* RESTATEMENT (SECOND) OF TORTS § 320 (AM. LAW INST. 1965). Second, the officers did not expose Mr. Stout to danger through their own misconduct, as it was the flight of the Mr. Stout that created the need to point a weapon in his direction.

The Court does not agree with the United States' first argument that Plaintiff has failed to sufficiently allege facts to plausibly state a claim upon which relief can be granted. Plaintiff is not required at this stage to identify which specific law enforcement officers could have intervened, or the manner in which they should have intervened. The Court finds that Plaintiff has alleged a plausible claim in that whether or not the officers *could* have intervened is a factual question that should not be dismissed at this stage.

However, the Court does agree with the United States' second argument that Oklahoma state law only recognizes a duty to intervene in two special circumstances, neither one of which is present here. Because the United States is not liable under the FTCA unless state law recognizes a comparable liability for private persons, the Court finds that Plaintiff's claim against the United States should be dismissed.

A duty to intervene under Oklahoma law exists only where: (1) the actor has a special responsibility toward the one who suffers the harm; and (2) where the actor's own affirmative act has created or exposed the other to a high degree of risk of harm through such misconduct. *See Henry v. Merck & Co.*, 877 F.2d 1489, 1492 (10th Cir. 1989); *Wofford v. Eastern State Hosp.*, 795 P.2d 516, 518 (Okla. 1990).

As to the first duty, Plaintiff admits that Oklahoma has not applied the law in this particular circumstance. Situations in which a special responsibility exists under Oklahoma law have mainly involved standard tort relationships such as those between a patient and a doctor or temporary custody of a minor child. *See, e.g.*, *Wofford*, 795 P.2d at 518 (discussing psychotherapist/patient relationship); *Brewer v. Murray*, 292 P.3d 41, 49–50 (Okla. Civ. App. 2012) (discussing custody of minor child). Under the facts as alleged by Plaintiff, Mr. Stout was not in the custody of law enforcement at the time deadly force was used by the task force officers. Consequently, under Oklahoma law the actor, i.e. the officers, had no special responsibility toward the one who suffers the harm, i.e. Mr. Stout. To rule in favor of Plaintiff on this issue, this Court would have to expand the scope of state law liability beyond that which the Oklahoma appellate courts have recognized, a task this Court is not willing to undertake.

As to the second duty, the Court finds that Plaintiff has failed to show that the officers' affirmative acts created the high degree of risk of harm. Plaintiff has not alleged or suggested that there was no arrest warrant for Mr. Stout or that the task force was not permitted to arrest Mr. Stout. Once Mr. Stout fled, it was not misconduct for the officers to point their weapons at a fleeing felon. Also, Plaintiff has not explained how any affirmative act by each officer placed Mr. Stout in greater danger of being shot. Rather, Plaintiff has alleged that the officers who pointed their weapons at Mr. Stout automatically created a high degree of risk of harm through such misconduct. The Court finds that after the officers brought Mr. Stout's vehicle to a stop using a tactical vehicle intervention, it was not wrongful for the officers to then draw their weapons. Additionally, to agree with Plaintiff would be to create a duty to intervene under Oklahoma law every time an officer drew his or her weapon.

The Court's decision to grant the United States' motion is based solely on Oklahoma law and the Court's reluctance to expand the scope of existing state law liability beyond that which the Oklahoma appellate courts have recognized. Accordingly, the Court finds that Defendant's Motion to Dismiss is well-taken, and therefore **GRANTED**. Plaintiff's claim against the United States is hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE