IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

THERESA STOUT, as personal representative of the
Estate of Christopher Stout,

        Plaintiff,

v.                                                  Case No. 14-cv-427-WPJ

UNITED STATES OF AMERICA, et al.,

        Defendants.

**AMENDED MEMORANDUM OPINION AND ORDER
AND
ORDER VACATING THE COURT'S PREVIOUS MEMORANDUM OPINION AND
ORDER (DOC. 134)**[1]

THIS MATTER comes before the Court upon Defendant United States' Motion to Dismiss (**Doc. 100**), filed October 29, 2015. Having reviewed the relevant pleadings of the parties' and the applicable law, the Court finds that Defendant's motion is well-taken and therefore **GRANTED** as herein described.

**FACTUAL BACKGROUND**

Given the filings to date, the Court assumes the reader's familiarity with the factual allegations underlying this action. However, the Court highlights relevant procedural developments. The United States filed a Motion to Dismiss (**Doc. 100**) on October 29, 2015. Plaintiff Theresa Stout ("Plaintiff") filed a Response (**Doc. 103**) on November 30, 2015. The

---

[1] This Amended Memorandum Opinion and Order changes only the basis for the Court's dismissal of the United States to clarify that such dismissal is jurisdictional pursuant to Rule 12(b)(1) rather than on the merits pursuant to 12(b)(6). *See* Doc. 134, at 5. Plaintiff does not invoke this Court's subject matter jurisdiction because she failed to establish that Oklahoma law recognizes a comparable liability for private persons on a tort claim of failure to intervene. *See generally Lujan v. City of Santa Fe*, 122 F. Supp. 3d 1215, 1238 (D.N.M. 2015) (quoting Fed. R. Civ. P. 54(b)) ("Rule 54(b) thus (i) provides that a district court can freely reconsider its prior rulings; and (ii) puts no limit or governing standard on the district court's ability to do so, other than that it must do so 'before the entry of judgment.'").

1

United States filed a Reply (**Doc. 107**) on December 7, 2015. Oral argument on the United States' Motion to Dismiss was held on July 7, 2016.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a case for failure to state a claim upon which relief can be granted. Rule 8(a)(2), in turn, requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept all the complaint's factual allegations as true, the same is not true of legal conclusions. *See id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

"Insofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, *sua sponte,* satisfy itself of its power to adjudicate in every case and at every stage of the proceedings and the court is not bound by the acts or pleadings of the parties." *Tafoya v. U.S. Dep't of Justice, Law Enf't Assistance Admin.*, 748 F.2d 1389, 1390 (10th Cir. 1984). "Jurisdictional questions are of primary concern and can be raised at any time by courts on their own motion." *Bd. of Cty. Comm'rs for Garfield Cty., Colo. v. W.H.I., Inc.*, 992 F.2d 1061, 1063 (10th Cir. 1993).

**DISCUSSION**

Plaintiff's claim against the United States arises under the Federal Tort Claims Act ("FTCA"), alleging that the employees and agents of the United States had a duty to intervene and prevent other law enforcement officers from using excessive force. Plaintiff alleges that the employees and agents breached that duty when they failed to intervene to stop the firing of approximately 75 bullets at Christopher Stout ("Mr. Stout").

The United States first argues that Plaintiff's claim should be dismissed for failure to state a claim upon which relief can be granted. The United States notes that Plaintiff's Second Amended Complaint (**Doc. 96**) does not identify which officers could have intervened or the means by which they could have intervened, contains no allegations that the officers knew that any particular individual would discharge their weapons, and does not allege deliberation amongst the United States' officers regarding the shooting.

Second, the United States argues that under the FTCA, the United States is liable for tort claims in the same manner and extent as a private individual under like circumstances. *See* 28 U.S.C. § 2674. Correspondingly, federal courts only have jurisdiction over claims for damages under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *See* 28 U.S.C. § 1346(b)(1). Thus, the United States is not liable under the FTCA unless state law recognizes a comparable liability for private persons. *See Ayala v. United States*, 49 F.3d 607, 610–11 (10th Cir. 1995). Oklahoma state law does not impose a duty on an actor to anticipate or prevent the intentional or criminal acts of a third party unless: (1) the actor has a special responsibility toward the one who suffers the harm; and (2) where the actor's own affirmative act has created or exposed the other to a high degree of risk of harm through such misconduct. *See Henry v.*

*Merck & Co.*, 877 F.2d 1489, 1492 (10th Cir. 1989); *Wofford v. Eastern State Hosp.*, 795 P.2d 516, 518 (Okla. 1990). The special responsibility requires a foreseeability of the specific risk to the victim. *See id*. at 1492. The United States argues that Plaintiff's Second Amended Complaint contains no allegations sufficient to create foreseeability. Further, the United States' officers have no special responsibility toward fleeing fugitives, and absent some pre-shooting act of misconduct by the United States' officers, there was no obligation to intervene.

Plaintiff counters that the claims that the officers of the United States failed to intervene are well supported by the facts set out in the Second Amended Complaint. Plaintiff has alleged that there was such an extended barrage of gunfire that the officers emptied their clips and may have stopped and reloaded, giving each officer ample opportunity to call for the others to cease fire. Further, Plaintiff has alleged that the officers ordered Mr. Stout to raise his hands prior to the shooting, giving further opportunity to prevent the use of deadly force. As to the United States' second argument, Plaintiff argues that the United States is liable under both types of special circumstances that create a duty to anticipate and prevent the acts of a third party. First, Plaintiff argues that Mr. Stout was no longer a fleeing fugitive and was in the officer's custody when the events took place. Additionally, Mr. Stout was effectively restrained once the officers disabled Mr. Stout's vehicle. At that point, the officers had a special responsibility toward Mr. Stout. Next, the second exception is met when the officers pointed their guns at Mr. Stout, which no one could reasonably question placed him at a recognizable high risk of harm. *See Holland ex. rel. Overdorff v. Harrington*, 268 F.3d 1179, 1192 (10th Cir. 2008) ("[P]ointing of firearms directly at persons inescapably involves the immediate threat of deadly force."). The officers who pointed their weapons at Mr. Stout thus had a duty under Oklahoma law to intervene to prevent him from suffering unnecessary harm. Additionally, Plaintiff argues that under

4

Oklahoma law, "[n]egligent performance of a law enforcement function is not shielded from liability under Oklahoma Governmental Tort Claims Act." *State ex rel. v. Okla. Dep't of Public Safety v. Gurich*, 238 P.3d 1, 4 (Okla. 2010). Thus, just as a private citizen in Oklahoma conducting a citizen's arrest would have a "special responsibility" toward the arrestee, the United States has that same responsibility as a private person for purposes of the FTCA.

In its Reply, the United States reiterates its argument that Plaintiff has failed to plead facts to support its argument that the officers had the opportunity to intervene and breached that duty. Next, the United States argues that Plaintiff has failed to show that the officers had advance notice of a shooting or reasonably knew that a shooting would occur, and thus has failed to show foreseeability. As to the two types of special circumstances that create a duty to anticipate and prevent the acts of a third party, the United States argues that neither should apply. First, there is no special relationship with fleeing felons, and there are serious differences between the initial moment of seizure and being held in the custody of law enforcement. Mr. Stout was not in the custody of law enforcement. Oklahoma courts have followed the Restatement and limited the obligation of protection to those instances in which the person is deprived from their normal power of self-protection. See Restatement (Second) Of Torts § 320 (1965). Second, the officers did not expose Mr. Stout to danger through their own misconduct, as it was the flight of the Mr. Stout that created the need to point a weapon in his direction.[2]

The Court agrees with the United States' argument that Oklahoma state law only recognizes a duty to intervene in two special circumstances, neither one of which is present

---

[2] Formal discovery in this suit has not yet begun. However, based on the Second Amended Complaint, the parties do not dispute that Mr. Stout initially started to drive away from law enforcement officers in his vehicle as the officers were attempting to serve the arrest warrant. *See* Doc. 96, ¶¶ 19–20.

here.[3]  Under the FTCA, the United States is liable for tort claims in the same manner and extent as a private individual under like circumstances. *See* 28 U.S.C. § 2674.  Correspondingly, federal courts only have jurisdiction over claims for damages under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *See* 28 U.S.C. § 1346(b)(1).

Plaintiff fails to invoke this Court's subject matter jurisdiction, because she cannot show comparable liability for private persons under Oklahoma tort law based on a failure to intervene in these circumstances.[4]  The FTCA extends jurisdiction to federal district courts for violations of state common-law torts, as they exist among the states.  *See* 28 U.S.C. § 1346(b)(1); *United States v. Olson,* 546 U.S. 43, 44, (2005) (sovereign immunity is waived under the FTCA when "local law would make a 'private person' liable in tort law").  The United States is thus liable for tortious acts to the same extent as private individuals "in accordance with the law of the place where an act or omission occurred." *Id.*  The United States is deemed liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.  Put simply, if a plaintiff cannot identify a tortious act under the law of the state where the act occurred (in this case Oklahoma), a plaintiff cannot satisfy a jurisdictional prerequisite of 28

---

[3] In its Motion to Dismiss, the United States explicitly argued 28 U.S.C. §§ 1346(b)(1) and 2674 are jurisdictional requirements: "[S]uits that seek to impose liability against the United States in circumstances in which a private person would not be liable exceed the FTCA's waiver of sovereign immunity *and the courts' subject matter jurisdiction*." Doc. 100, at 7 (emphasis added).  Hence, this Amended Memorandum Opinion and Order clarifies that the Court agrees with the United States' jurisdictional argument, and dismisses the United States for lack of subject matter jurisdiction.

[4] The United States moves to dismiss based on Rule 12(b)(6), and its argument is premised on this Court lacking subject matter jurisdiction to hear Plaintiff's FTCA claim.  *See* Doc. 100, at 7–8.  Accordingly, the Court grants this motion under Rule 12(b)(1).  For example, in *Norman v. U.S. ex rel. Veteran's Admin. Med. Ctr.*, No. CIV-12-663-C, 2013 WL 425032, at *1 (W.D. Okla. Feb. 4, 2013), which the United States cites, the defendant moved to dismiss under Rule 12(b)(6) and Rule 12(b)(1) arguing plaintiff's pleading would be insufficient against a similarly situated private party under Oklahoma law.  The court chose to evaluate the motion under Rule 12(b)(1) and dismissed the defendant as a jurisdictional matter.  *See also Rehoboth McKinley Christian Healthcare Servs., Inc. v. U.S. Dep't of Health & Human Servs.*, 853 F. Supp. 2d 1107, 1113 (D.N.M. 2012) (court dismissed complaint under Rule 12(b)(1) due to plaintiff's failure to comply with 28 U.S.C. § 1346(b)(1)).

U.S.C. §§ 1346(b)(1) and 2674, and the district court should dismiss the FTCA claim for lack of subject matter jurisdiction.

Section 1346 is jurisdictional in nature. *Pappas v. United States*, 617 Fed. Appx. 879, 881 (10th Cir. 2015) (quoting *FDIC v. Meyer*, 510 U.S. 471, 477 (1994)) ("To state a cognizable claim under § 1346(b), the FTCA's jurisdictional grant, a complaint must allege the elements of that provision, including, as relevant to the case at bar, that a private person would be liable to the plaintiff under the tort law of the state where the act or omission occurred."). Thus, the Court's dismissal of the United States based on Plaintiff's failure to allege a private person would be liable under Oklahoma tort law constituted a jurisdictional flaw. *See Pappas*, 617 Fed. Appx. at 881 ("A claim that fails to allege facts sufficient to meet [§ 1346(b)'s] requirement must be dismissed for lack of subject matter jurisdiction.").

The United States cites one case which stands for this exact proposition. *See* Doc. 100, at 7 (quoting *Norman v. U.S. ex rel. Veteran's Admin. Med. Ctr.*, No. CIV-12-663-C, 2013 WL 425032, at *1 (W.D. Okla. Feb. 4, 2013) ("Plaintiff's failure to comply with Oklahoma's affidavit-of-merit requirement would doom a suit against a private party under Oklahoma law; *thus, there is no jurisdiction under the FTCA*, and Plaintiff's claim against the United States must be dismissed.")). In *Norman*, the court found the plaintiff's pleading would be insufficient against a similarly situated private party under Oklahoma law, so the court granted the defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(1). *See id.* In other words, the plaintiff's failure to comply with a FTCA requirement "would doom a suit against a private party under Oklahoma law; thus, there is no jurisdiction under the FTCA and Plaintiff's claim against the United States must be dismissed." *See id.*

Similarly here, Plaintiff's failure to comply with the FTCA by not showing comparable state liability dooms her FTCA claim. A duty to intervene under Oklahoma law exists only where: (1) the

7

actor has a special responsibility toward the one who suffers the harm; and (2) where the actor's own affirmative act has created or exposed the other to a high degree of risk of harm through such misconduct. *See Henry v. Merck & Co.*, 877 F.2d 1489, 1492 (10th Cir. 1989); *Wofford v. Eastern State Hosp.*, 795 P.2d 516, 518 (Okla. 1990).

As to the first duty, Plaintiff admits that Oklahoma has not applied the law in this particular circumstance. Situations in which a special responsibility exists under Oklahoma law have mainly involved standard tort relationships such as those between a patient and a doctor or temporary custody of a minor child. *See, e.g.*, *Wofford*, 795 P.2d at 518 (discussing psychotherapist/patient relationship); *Brewer v. Murray*, 292 P.3d 41, 49–50 (Okla. Civ. App. 2012) (discussing custody of minor child). Under the facts as alleged by Plaintiff, Mr. Stout was not in the custody of law enforcement at the time deadly force was used by the task force officers. Consequently, under Oklahoma law the actor, i.e. the officers, had no special responsibility toward the one who suffers the harm, i.e. Mr. Stout. To rule in favor of Plaintiff on this issue, this Court would have to expand the scope of state law liability beyond that which the Oklahoma appellate courts have recognized, a task this Court is not willing to undertake.

As to the second duty, the Court finds that Plaintiff has failed to show that the officers' affirmative acts created the high degree of risk of harm. Plaintiff has not alleged or suggested that there was no arrest warrant for Mr. Stout or that the task force was not permitted to arrest Mr. Stout. Once Mr. Stout fled, it was not misconduct for the officers to point their weapons at a fleeing felon. Also, Plaintiff has not explained how any affirmative act by each officer placed Mr. Stout in greater danger of being shot. Rather, Plaintiff has alleged that the officers who pointed their weapons at Mr. Stout automatically created a high degree of risk of harm through such misconduct. The Court finds that after the officers brought Mr. Stout's vehicle to a stop using a tactical vehicle intervention, it was

not wrongful for the officers to then draw their weapons. Additionally, to agree with Plaintiff would be to create a duty to intervene under Oklahoma law every time an officer drew his or her weapon.[5]

Accordingly, because the Court concludes it has no subject matter jurisdiction over Plaintiff's FTCA claim, the Court need not address the United States' argument that Plaintiff has failed to sufficiently allege facts to plausibly state a claim upon which relief can be granted. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."); *Payton v. U.S. Dep't of Agric.*, 337 F.3d 1163, 1167 (10th Cir. 2003) ("Jurisdiction is a threshold question that a federal court must address before reaching the merits.").

The Court's decision to grant the United States' Motion to Dismiss is based solely on Plaintiff's failure to establish that Oklahoma law recognizes comparable liability for private persons under 28 U.S.C. § 1346(b)(1) and the Court's reluctance to expand the scope of existing state law liability beyond that which Oklahoma appellate courts have recognized. Because Plaintiff has not made a threshold showing to bring her claim under the FTCA, the Court does not address the factual merits that claim. Plaintiff has failed to invoke the Court's subject matter jurisdiction because she cannot show Oklahoma law recognizes a duty to intervene under the circumstances alleged.

Accordingly, the Court finds that Defendant's Motion to Dismiss is well-taken, and therefore **GRANTED**. Plaintiff's claim against the United States is hereby **DISMISSED WITHOUT PREJUDICE**. In addition, the Court's previous Memorandum Opinion and Order

---

[5] The Court addresses these two tort duties only to the extent they would be necessary for Plaintiff to make her requisite showing under 28 U.S.C. §§ 1346(b)(1) and 2674 that Oklahoma tort law recognizes comparable liability for private persons, in order to invoke this Court's jurisdiction.

(Doc. 134) is hereby **VACATED**, consistent with this Amended Memorandum Opinion and Order.

    **SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE