**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

THERESA STOUT,
as personal representative of the
Estate of Christopher Stout,

      Plaintiff,

v.                                                      Civ. No. 14-427 WPJ

DANNY LONG, *et al.*,

      Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART
## INDIVIDUAL DEFENDANTS' MOTION TO COMPEL

      This matter comes before the Court on the Individual Defendants' Motion Under Rule 37 to Compel Disclosure and for Sanctions with Brief in Support. *Doc. 197.* In their Motion, the Individual Defendants request that the Court (1) compel Plaintiff to fully respond to their Interrogatories Nos. 7 and 19 prior to depositions; (2) permit the Individual Defendants to use Plaintiff's unverified First Supplemental Response to Defendants' Interrogatory No. 4 as a prior inconsistent statement, and to depose her regarding the circumstances surrounding the response and related communications with counsel; and (3) grant the Individual Defendants two additional interrogatories. *Id.* at 27. The Court held a hearing on the Motion on February 1, 2018. *Doc. 200.* At the close of the hearing, the Court issued an oral ruling granting in part and denying in part

the relief requested in the Motion. *Id.* at 13-14. This Order memorializes that ruling and gives the factual and legal basis therefor.

## I. FACTUAL BACKGROUND

This case and the related case 15-cv-379 WPJ/GBW arise from a common nexus of facts related to the fatal shooting of Stacey and Christopher Stout by law enforcement officers on April 9, 2013. *Doc. 96* at 5-7. Plaintiff is the mother and Personal Representative of the Estate of Christopher Stout. The plaintiffs in the related case are the Administrators of the Estate of Stacey Stout and guardians of Stacey and Christopher Stout's minor child, C.S. Plaintiff and the plaintiffs in the related case have brought § 1983 and *Bivens* claims against Defendants based on the following common factual allegations.

On April 9, 2013, the Individual Defendants (Danny Long, Oklahoma Highway Patrol Trooper; James Leone, Agent of the Oklahoma Bureau of Narcotics and Dangerous Drugs; Chad Pope, Pottawatomie County Deputy Sheriff; Ed Grimes, Canadian County Deputy; Kevin Johnson, Oklahoma City Police Sergeant; and Callen Stephens and Taran Groom, Deputy U.S. Marshals) were attempting to serve an arrest warrant on Christopher Stout arising from a burglary charge in Payne County, Oklahoma. *Doc. 96* at 5. The Individual Defendants attempted to serve the warrant on Christopher Stout as he and Stacey began driving out of the parking lot of a Motel 6 in Oklahoma City, Oklahoma. *Id.* As Mr. Stout drove away from the motel parking lot,

the Individual Defendants performed a tactical vehicle intervention maneuver in order to prevent his flight. *Id.* at 6. According to the Second Amended Complaint, the officers then surrounded Mr. Stout's car with their own vehicles. Inside the car, the Stouts raised their hands with open palms facing the windshield. *Id.* At that point, the Individual Defendants exited their vehicles, took up shooting positions around the Stout vehicle, and fired at least 75 bullets into the car, killing both Stacey and Christopher. *Id.* at 6-7.

## II. LEGAL STANDARDS

### A. Motions to Compel

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* The Court has the authority "to order discovery of any matter relevant to the subject matter involved in the action for good cause." Fed. R. Civ. P. 26(b)(1), Advisory Committee Note to 2000 Amendments.

Federal Rule of Civil Procedure 37(a) permits a party to file a motion to compel responses to properly propounded discovery after a good faith attempt at conferral with the opposing party. *See* Fed. R. Civ. P. 37(a)(1), (a)(3)(B). The Court is required to limit discovery if it determines that the discovery sought is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(iii).

### B.  Work Product Doctrine

The work product doctrine was first recognized by the Supreme Court in

*Hickman v. Taylor*, 329 U.S. 495 (1947).  The purpose of the doctrine is to "shelter[] the

mental processes of the attorney, providing a privileged area within which he can

analyze and prepare his client's case."  *United States v. Nobles*, 422 U.S. 225, 238 (1975).

The doctrine applies to "documents and tangible things that are prepared in

anticipation of litigation or for trial by or for another party or its representative."  Fed.

R. Civ. P. 26(b)(3)(A).  Further, the Court "must protect against disclosure of the mental

impressions, conclusions, opinions, or legal theories of a party's attorney or other

representative concerning the litigation."  Fed. R. Civ. P. 26(b)(3)(B).

This latter type of protected information—the mental impressions of the

attorney—constitutes opinion work product, which generally receives greater

protection than ordinary work product—i.e., facts or materials gathered by an attorney

in anticipation of litigation.  *See, e.g., In re Qwest Comm'ns Intern., Inc.*, 450 F.3d 1179,

1186 (10th Cir. 2006) (explaining that some courts have held "opinion work product" to

be "absolutely privileged," while "non-opinion work product, i.e., fact work product, []

may be discoverable under appropriate circumstances.").  *See also Encon Int'l, Inc. v.

Garrahan*, 2013 WL 12250907, at *1 (D. Kan. Jan. 16, 2013) (finding the work product

doctrine barred an interrogatory asking the defendant to "identify the percentage of

fault [the defendant] contends is attributable to [itself] and other persons or entities who

caused or contributed to [the plaintiff's] damages" because it "does not ask for an opinion or contention *that relates to a fact* or an application of law *to a fact*" but instead "asks for an opinion regarding what will ultimately be an issue for the jury when it applies the law to the facts presented at trial.").

The party claiming work product protection bears the burden of establishing that the doctrine applies to bar discovery of the disputed material. *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995). While the doctrine bars discovery of an "attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work product." *Id.* (citing *Feldman v. Pioneer Petroleum, Inc.*, 87 F.R.D. 86, 89 (W.D. Okla. 1980)). Moreover, "[a] party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney." *Hickman*, 329 U.S. at 504. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Id.* at 507.

### C. Contention Interrogatories

Under Rule 33, "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed R. Civ. P. 33(a)(2).

Although the Court has the power to delay answers to contention interrogatories until after designated discovery is complete, a plaintiff is "not entitled to withhold discovery information until he has obtained to his own satisfaction all discovery from [the d]efendants." *Johnson v. Kraft Foods. N. Am., Inc.*, 236 F.R.D. 535, 544 (D. Kan. 2006). Rather, "[b]ecause of the simplicity of notice pleading, [the p]laintiff should provide as much information as possible regarding his claims without delay and as early as required. Defendants are 'entitled to know the factual basis of plaintiff's allegations.'" *Id.* (quoting *Continental Ill. Nat'l Bank & Trust Co. v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991)). *See also S.E.C. v. Goldstone*, Civ. No. 12-0257 JB/LFG, 2014 WL 4349507, at *30 (D.N.M. Aug. 23, 2014).

"'Requests for opinions or contentions that call for the application of law to fact—contention interrogatories—are proper.'" *S.E.C. v. Goldstone*, 2014 WL 4349507 at *30 (quoting *Kraft Foods*, 236 F.R.D. at 544) (internal alterations omitted). *See also D'Alise v. Basic Dental Implant Sys., Inc.*, Civ. No. 10-0016 WJ/DJS, 2010 WL 11552977, at *3 (D.N.M. July 12, 2010) ("The general view is that contention interrogatories are a perfectly permissible form of discovery, to which a response ordinarily would be required.") (quoting *Starcher v. Correctional Med. Sys., Inc.*, 144 F.3d 418, 421 n.2 (6th Cir. 1998), *aff'd sub nom. Cunningham v. Hamilton Cty.*, 527 U.S. 198 (1998)). Rule 33 and its advisory notes "clearly indicate that requests for opinions of contentions that call for application of the law to fact are proper." *Id.* (citing Fed. R. Civ. P. 33(a)(2) and the

Advisory Committee Notes to 1970 Amendments).

Contention interrogatories are useful for the purpose of providing the requesting party "the opportunity to determine what proof is necessary to effectively refute [the opposing party's] position" on the issues in contention. *Pouncil v. Branch Law Firm*, 277 F.R.D. 642, 650 (D. Kan. 2011). Where an interrogatory cannot be fully answered prior to the completion of discovery, it is appropriate to order the party to answer such interrogatory "as fully as they can, keeping in mind their continuing obligation to supplement their discovery responses as additional or different information becomes available." *Id.*

**D. Verification of Disclosures and Discovery Responses**

Rule 26(g) requires that every Rule 26(a)(1) or (a)(3) disclosure and every discovery response be signed by at least one attorney of record. By signing, an attorney certifies that to the best of his knowledge, information, and belief formed after a reasonable inquiry:

> (A) with respect to a disclosure, it is complete and correct as of the time it is made; and
> (B) with respect to a discovery request, response, or objection, it is:
>
>> (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
>> (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
>> (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the

amount in controversy, and the importance of the issues at stake in
the action.

Fed. R. Civ. P. 26(g)(1).

The duty to make a "reasonable inquiry" is satisfied "if the investigation

undertaken by the attorney and the conclusions drawn therefrom are reasonable under

the circumstances.  It is an objective standard similar to the one imposed by Rule 11."

Fed. R. Civ. P. 26(g), Advisory Committee Note to 1983 Amendments.  The Tenth

Circuit has expressly recognized that case law interpreting Rule 11 is applicable to cases

implicating Rule 26(g).  *In re Byrd, Inc.*, 927 F.2d 1135, 1137 (10th Cir. 1991).

The "central issue" under Rule 26(g) "is whether 'the person who signed the

pleading conducted a reasonable inquiry into the facts and law supporting the

pleading.'"  *In re Byrd*, 927 F.2d at 1137.  In making the "reasonable inquiry," the

attorney "may rely on assertions by the client . . . as long as that reliance is appropriate

under the circumstances.  Ultimately, what is reasonable is a matter for the court to

decide on the totality of the circumstances."  Fed. R. Civ. P. 26(g), Advisory Committee

Note to 1983 Amendments.

"Rule 26(g) is designed to curb discovery abuse by explicitly encouraging the

imposition of sanctions."  Fed. R. Civ. P. 26(g), Advisory Committee Note to 1983

Amendments.  Specifically, the rule mandates the imposition of sanctions "[i]f a

certification violates [Rule 26(g)] without substantial justification . . . .  The sanction may

include an order to pay the reasonable expenses, including attorney's fees, caused by

the violation." Fed. R. Civ. P. 26(g)(3).

Relevant here, Rule 26(g) also provides that "[o]ther parties have no duty to act on an unsigned . . . response . . . until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's [] attention." Fed. R. Civ. P. 26(g)(2).

### III.   ANALYSIS

#### A.  Interrogatories Nos. 7 & 19

The Court will discuss these two interrogatories together, as the interplay between the two interrogatories is fundamental to the parties' dispute regarding them.

#### Interrogatory No. 7:

For each individual defendant, separately identify and state in detail the material facts you rely upon to support your contention that they used excessive force, including the identification of any documents or witnesses relied upon.

*Doc. 197-3* at 4.

#### Plaintiff's Response to Interrogatory No. 7:

Discovery is ongoing, the information which Plaintiff has is that all of the Individual Defendants fired at Christopher and Stacey Stout on the evening of April 9, 2013 and did so without any objectively reasonable basis.  One witness, Salter [sic] Priester has given a statement that both Christopher and Stacey Stout had their hands raised when the shots were fired.  Another witness has stated in the statement previously produced that quickly after stopping the vehicle containing the Stouts the Individual Defendants began firing.  Oklahoma City has stated in its Answer to the Second Amended Complaint that the Task Force members commenced firing when Christopher Stout began raising his hands.  Oklahoma City Answer to Second Amended Complaint, Dkt. #97 at 3-4, ¶ 11.  All of these

facts support the Plaintiff's allegation that excessive force was used. Plaintiff will supplement this response as appropriate.

*Id.* at 4-5.

Plaintiff served the response to Interrogatory No. 7 on July 7, 2017. *Id.* at 8. On October 19, 2017, the Court held a status conference regarding a pending pretrial deadline extension request made by Plaintiff and Defendant Oklahoma City. *Doc. 190*. During that conference, counsel for Plaintiff represented that Plaintiff's case depends more heavily on the Individual Defendants' statements which were given during the investigation following the shooting than on the testimony of unavailable eyewitness Salters Priester. *Id.* at 3. Plaintiff's counsel indicated that these statements of the Individual Defendants demonstrated inconsistencies in the officers' accounts of the shooting, which prompted defense counsel to include Interrogatory No. 19 in the Individual Defendants' Second Set of Interrogatories to Plaintiff (*doc. 197-4*), served later that same day. *See doc. 197* at 9.

**Interrogatory No. 19:**

If you contend that any statement by any particular Individual Defendant regarding the incident is inconsistent with that individual's other statements regarding the incident or inconsistent with the statements of the other Individual Defendants, identify and explain each alleged inconsistency.

*Doc. 197-4* at 3.

**Plaintiff's Response to Interrogatory No. 19:**

Plaintiff objects to this Interrogatory on the grounds that it invades the

attorney work product privilege.

*Doc. 197-5* at 6.

The Individual Defendants argue that Plaintiff's response to Interrogatory No. 7, which asks for all material facts, documents, and witnesses on which Plaintiff relies to support her contentions, must be incomplete because it contains no mention of any statement made by any of the Individual Defendants. They contend that that absence is at odds with the representation made by Plaintiff's counsel that Plaintiff's case depends heavily on the Individual Defendants' statements. *See doc. 197* at 9-13.

Moreover, the Individual Defendants assert that Plaintiff is operating under a misinterpretation of the Rules governing discovery in light of the position Plaintiff's counsel took during the conferral process prior to the filing of the present motion. Specifically, her counsel wrote to defense counsel in an email dated January 7, 2018:

> [Interrogatory No. 19] is clearly improper – seeking the impressions of counsel and trial strategy. That is classic work product. [O]ur responses to discovery have given you a firm grasp as to the core of the facts that we rely upon to prove our claims. The relatively succinct statements of the individual officers that were present at the shooting which you reference, together with Mr. Priester's statement and [another witness's] statement set forth the core of the facts that we rely upon to establish that the Individual Defendants acted with deliberate indifference and used excessive force when they killed Christopher and Stacey Stout. . . . [W]hat you clearly are seeking in both [Interrogatories Nos. 7 and 19] is how we will argue at trial that these facts prove our case. You have the facts, you are not entitled to be told how we will argue that those facts establish [Plaintiff's claims].

*Doc. 197-2* at 2.

Broadly, the Individual Defendants rely on two primary arguments in support of their motion to compel responses to Interrogatories Nos. 7 and 19. First, they contend that Plaintiff is improperly using the work-product doctrine as a shield against discovery of information known only to her attorneys, which is an errant interpretation of the contours of the doctrine. *Doc. 197* at 9-11. They rely on *Hickman* and *Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 629 (N.D. Okla. 2009) for the proposition that an interrogatory is not objectionable because a party's attorneys know the information, but the party does not. *Id.* at 11. *See Hickman*, 329 U.S. at 504 ("A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney.").

Second, the Individual Defendants argue that the work-product doctrine "does not provide protection for 'facts concerning the creation of work product or facts contained within the work product.'" *Doc. 197* at 11-12 (quoting *Resolution Trust Corp.*, 73 F.3d at 266). In fact, they argue, "Rule 33 expressly permits contention interrogatories that delve into opinion work product 'because it asks for an opinion or contention that relates to fact or the application of law to fact.'" *Id.* at 12 (quoting *Tyson Foods*, 262 F.R.D. at 630 and Fed. R. Civ. P. 33(a)(2)). In other words, contrary to Plaintiff's position outlined above in her counsel's January 7, 2018 email, the Individual Defendants assert that they are "entitled to know how Plaintiff will argue her case at trial." *Doc. 197* at 10 (citing *Continental Ill. Nat. Bank & Trust Co. of Chicago v. Caton*, 136

F.R.D. 682, 684 (D. Kan. 1991) ("An interrogatory may properly inquire into a party's contentions in the case and the factual basis therefor.")).

The Individual Defendants further note that Plaintiff did not object to Interrogatory No. 7 in her initial response, and that she has therefore waived any work-product objection to Interrogatory No. 7. Thus, to the extent the information sought in Interrogatory No. 19 would also be responsive to Interrogatory No. 7, the Individual Defendants argue Plaintiff should be compelled to supplement her response to No. 7 with such information. *See doc. 197* at 13-14.

Finally, the Individual Defendants ask the Court to compel supplementation of Interrogatories Nos. 7 and 19 before they are deposed to allow them to fully prepare for deposition and "to prevent Plaintiff from taking advantage of her delay in providing full discovery responses." *Id.* at 14.

In her Response, Plaintiff notes that the Court has already ruled that she has alleged sufficient plausible facts in her Second Amended Complaint to overcome the Individual Defendants' Motion to Dismiss. *Doc. 198* at 1-2; *see also doc. 133*. Therefore, she contends that the Individual Defendants are merely attempting to reassert their already-rejected arguments by pressing Plaintiff to supplement her response to Interrogatory No. 7. *Doc. 198* at 1-2. Further, Plaintiff emphasizes that, because Stacey and Christopher Stout were killed during the shooting giving rise to Plaintiff's cause of action, she does not have access to any evidence from eyewitnesses or other persons

13

with direct knowledge of the events to further support her excessive force claim, and she has thus fully responded to Interrogatory No. 7. *Id.* at 2-3, 5-6.

As to Interrogatory No. 19, Plaintiff contends that it "impermissibly inquire[s] into the mental impressions and trial strategy of Plaintiff's counsel, as its subject matter is well beyond the ken of a party unlearned in the law, i.e., Plaintiff[.]" *Id.* at 3. Therefore, she argues that asking her to provide arguments that her counsel may make during deposition or trial regarding perceived inconsistencies of the Individual Defendants' statements violates the work-product doctrine. *Id.* at 3-4. Plaintiff further notes that providing her counsel's assessments of the opposing parties' post-shooting statements will detract from the "honesty and spontaneity" of their depositions. *Id.* at 4.

The Court agrees that Interrogatory No. 19 impermissibly seeks insight into Plaintiff's counsel's trial strategy. Specifically, Rule 33 allows a party to discover the opposing party's "opinion or contention that relates to fact or the application of law to fact[.]" Fed. R. Civ. P. 33(a)(2). As the Advisory Committee has explained, Rule 33's authorization of such "contention interrogatories" will necessarily require a party or her attorney "to disclose, to some extent, mental impressions, opinions or conclusions" in response. Fed. R. Civ. P. 26(b)(3), Advisory Committee Note to 1970 Amendments.

However, as the Court explained during the hearing on the present motion, Individual Defendants' Interrogatory No. 19 does not request mere factual contentions, or legal opinions requiring the application of law to fact. Rather, the Individual

Defendants ask Plaintiff to reveal her counsel's perceptions of inconsistencies between or among the official statements that the officers gave regarding the shooting. In other words, the interrogatory asks Plaintiff to explain how her counsel plans to impeach her party-opponents.

Importantly, an attacking party cannot use inconsistencies in her party-opponent's statements as substantive evidence to prove her case, unless such statements qualify as prior inconsistent statements pursuant to Fed. R. Civ. P. 801(d)(1)(a). Defense counsel acknowledged during the hearing that the statements at issue do not so qualify, as they were not taken under oath during a legal proceeding. *See doc. 200* at 7-8. Therefore, any such inconsistencies between or among the statements would not qualify as "facts [Plaintiff] rel[ies] upon to support [her] contention that [the Individual Defendants] used excessive force," as requested by Interrogatory No. 7. Instead, such inconsistencies constitute trial-strategy material that Plaintiff's counsel may use to attack the credibility of the Individual Defendants and their version of events at trial or during their depositions. That type of material is protected by the work-product doctrine and is thus not discoverable. *See Nobles*, 422 U.S. at 238; *In re Qwest Comm'ns Intern., Inc.*, 450 F.3d at 1186; *cf. Lee v. Metro. Gov't of Nashville/Davidson Cty.*, 2008 WL 687516, at *4 (M.D. Tenn. Mar. 11, 2008) (holding that the work-product doctrine did not protect against a contention interrogatory that did not ask the plaintiffs to "assess credibility, or provide the defendant with discrepancies

in the defendants' testimony[,]" but rather merely requested that they "clarify [their] contentions as to specific defendants and . . . provide the facts that support those contentions.").

Although the work-product doctrine protects against the disclosure sought by Interrogatory No. 19, the Individual Defendants' Interrogatory No. 7 does not suffer from the same defect. The information sought in Interrogatory No. 7 is exactly the type of information anticipated by Rule 33(a)(2) as discoverable. Specifically, Interrogatory No. 7 seeks "the material facts" that Plaintiff relies upon to support her excessive force claim, "including the identification of any documents or witnesses relied upon." *Doc. 197-3* at 4. In her response, Plaintiff identified the statements of two witnesses and a portion of Defendant Oklahoma City's Answer to Plaintiff's Second Amended Complaint. *Id.* at 4-5.

However, at the hearing on the present motion, Plaintiff's counsel did not dispute that Plaintiff may pursue alternative theories of liability on her excessive force claim based on, for example, the tactical vehicle intervention method used by the Individual Defendants, the number of shots taken, and possible violations of the policies and procedures governing the use of force promulgated by their respective law enforcement agencies. *See doc. 200* at 5-6, 8-9. Yet Plaintiff's response to the contention interrogatory lacks any reference to any material fact, document, or witness that could support these theories. It is therefore deficient. *See Kraft Foods*, 236 F.R.D. at 544

(requiring the plaintiff to "provide as much information as possible regarding his claims without delay and as early as required" because the defendants are "entitled to know the factual basis of plaintiff's allegations"(quotation omitted)); *Anaya v. CBS Broad. Inc.*, Civ. No. 06-0476 JB/KBM, 2007 WL 2219458, at *8 (D.N.M. May 16, 2007) (valid reasons for compelling answers to contention interrogatories include allowing defendants to "clarify the issues in the case, narrow the scope of the dispute, [and] decide if early settlement discussions should be entered into or whether there is a substantial basis for bringing a motion for summary judgment"); *see also Hickman*, 329 U.S. at 501 (explaining that the discovery process serves "to narrow and clarify the basic issues between the parties, and [] as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues.").

Based on the foregoing, the Court denies the Individual Defendants' motion to compel supplementation of Plaintiff's response to Interrogatory No. 19, but grants the motion to compel supplementation of Plaintiff's response to Interrogatory No. 7. Plaintiff must identify all material facts and documents that she contends support her excessive force claim, including ballistics reports, witness statements, policies and procedures, and any other evidence contained in the investigative report or elsewhere that Plaintiff may use to support the claim.[1]

---

[1] In their reply, the Individual Defendants belatedly sought additional Rule 37 sanctions against Plaintiff on the basis of her incomplete response to Interrogatory No. 7. Specifically, they asked the Court to order "that Plaintiff is not allowed to use **any** material from the Investigative Report or received in response to

## B. Interrogatory No. 4

The Court will provide a brief timeline of the dispute regarding the Individual Defendants' Interrogatory No. 4 before turning to its proper resolution. Defendants served this interrogatory on May 25, 2017. *Doc. 197* at 6. Plaintiff served her response thereto on July 7, 2017, as part of her Responses to Individual Defendants' First Set of Interrogatories to Plaintiff. *Doc. 197-3.* On August 3, 2017, Plaintiff served her Amended Responses to Individual Defendants' First Set of Interrogatories to Plaintiff, which contained an amended response to Interrogatory No. 4 in particular. *Doc. 197-7.* Neither Plaintiff nor her counsel signed the Amended Responses, meaning every response therein was unverified in violation of Rule 26(g). *See id.* at 3; Fed. R. Civ. P. 26(g).

Counsel for the Individual Defendants repeatedly requested a verified version of the Amended Responses. *See docs. 197-12, 197-13, 197-14.* Plaintiff finally served Defendants with a signed, verified version of her Amended Responses on October 16, 2017. *Doc. 197-8.* However, Plaintiff had materially changed her response to Interrogatory No. 4 in the verified version. *See id.* at 2-3; *see also doc. 197-7* at 2-3. Despite the change, the document bore the same title as the unverified version, and Plaintiff's counsel did not note the change in the email in which he attached the verified

---

third-party subpoenas on a motion, at a hearing, or at a trial" because she failed to identify any such material in response to this contention interrogatory. *Doc. 199* at 7; *see also* Fed. R. Civ. P. 37(c)(1). This sanctions request is untimely; further, counsel for the Individual Defendants effectively abandoned it at the hearing by failing to request such sanctions. The Court therefore denies this request.

document.  *See doc. 197-8 at 1; doc. 197-9.*

In summary, there are three versions of Plaintiff's response to Interrogatory No.

4, provided in turn below.

**Interrogatory No. 4:**

Identify and describe in detail all communications between (1) Plaintiff and/or Mr. Stout's representatives and (2) Salters Priester, including without limitation communications between Gary Higginbotham (and/or his agents and representatives) and Mr. Priester.

*Doc. 197-3 at 3.*

**Plaintiff's Initial Response (July 7, 2017):**

Plaintiff objects to this interrogatory on the grounds that it presumes that Mr. Higginbotham is representing the Plaintiff in this matter and that is incorrect.  Further this interrogatory invades the attorney work product privilege to the extent it requests communications between Plaintiff's counsel or their representatives and Salters Priester.  Without waiving this objection, Plaintiff directs the Individual Defendants to the response to Interrogatory No. 2.[2]

*Id.*

---

[2] The Response to Interrogatory No. 2, which asked Plaintiff to identify any "goods, services, benefits, or assistance provided by Plaintiff or Mr. Stout's representatives" to any person with knowledge or information of the underlying incident, is as follows:

With the possible exception of the following, counsel in this matter have not provided any services to any of the persons [with knowledge or information of the underlying incident].  Plaintiff is aware that Mr. Gary Higgenbotham [sic], who is not counsel representing the Plaintiff in this matter, but who has assisted Plaintiff's counsel in certain matters related to this case, including interviewing and locating witnesses, provided assistance to Mr. Priester in the nature of referring him to a lawyer to represent Mr. Priester in a State misdemeanor case.  Mr. Higgenbotham did not and does [sic] represent Mr. Priester in that matter or any other matter.  Mr. Higgenbotham has also represented members of Christopher Stout's family in other unrelated matters.

*Doc. 197-3 at 2.*

**Plaintiff's First Supplemental (unverified) Response (August 3, 2017):**

Plaintiff, Theresa Stout, has not had any communication with Mr. Priester. Further, Plaintiff objects to this interrogatory to the extent that it invades the attorney work product privilege by requesting communications between Plaintiff's counsel and Salters Priester. This includes Mr. Higginbotham's communications with Mr. Priester which were had at the request of Plaintiff's counsel. Plaintiff has separately produced the sole written or recorded statement given to Mr. Higginbotham by Mr. Priester.

*Doc. 197-7* at 2-3.

**Plaintiff's Second Supplemental (verified) Response (October 16, 2017):**

Plaintiff, Theresa Stout's only communication with Mr. Priester was to urge him to talk to Mr. Higginbotham. She did not discuss any of the facts of this matter with Mr. Priester. Further, Plaintiff objects to this interrogatory to the extent that it invades the attorney work product privilege by requesting communications between Plaintiff's counsel and Salters Priester. This includes Mr. Higginbotham's communications with Mr. Priester which were had at the request of Plaintiff's counsel. Plaintiff has separately produced the sole written or recorded statement given to Mr. Higginbotham by Mr. Priester.

*Doc. 197-8* at 2-3.

The aspect of Plaintiff's response in contention is her changing answer regarding whether she, personally, communicated with Mr. Priester. As established in her most recent response, Plaintiff spoke to Mr. Priester once, to urge him to speak to Mr. Higginbotham, an attorney hired by Plaintiff's counsel to perform investigative work in this matter. *See id.*; *see also doc. 197-3* at 2.

Generally, the Individual Defendants believe that sanctions are warranted under Rule 26(g), because they contend that the factual circumstances surrounding the dispute

over Interrogatory No. 4 suggest that Plaintiff's changing answers are "one piece in a campaign of evasion mounted by Plaintiff and her counsel." *Doc. 197* at 20. They present a number of facts in support of this contention, including: (1) that Plaintiff's counsel must have known about the communications between Plaintiff and Mr. Priester at the time the first response was prepared; (2) that two months passed between production of the unverified version and the verified version; (3) that the verified Amended Responses were not produced until soon after Defendant Oklahoma City's production of a videotaped interview with Mr. Priester, in which Mr. Priester revealed that he had spoken to Plaintiff; and (4) Plaintiff's counsel gave no indication when he provided the verified Amended Responses that they had been changed, suggesting bad faith. *See id.* at 20-22, 25-26.

The Individual Defendants seek sanctions against Plaintiff under Rule 26(g) based on their position that Plaintiff intentionally provided incomplete and evasive answers to Interrogatory No. 4. Specifically, they ask the Court to: (1) issue a judicial admonishment; (2) allow them to use the unverified Amended Response to Interrogatory No. 4 as a party admission; (3) allow them to depose Plaintiff regarding the change in the verified version of her response, including any suggestion by her counsel that the answer should be changed, without Plaintiff invoking the attorney-client privilege; and (4) permit them two additional interrogatories to make up for the ones necessitated by Plaintiff's incomplete initial response. *Id.* at 24-25.

In their briefing and during the motion hearing, the Individual Defendants presented further facts in support of their "campaign of evasion" contention. However, the Court declines to outline these allegations in greater detail, because ultimately they do not persuade the Court that Plaintiff or her counsel acted with any intent to deceive. As explained during the hearing, the Court agrees with Plaintiff's counsel that there would be no rational basis to hide the information that Plaintiff spoke to Mr. Priester on one occasion to urge him to speak to Mr. Higginbotham. Such a knowing misrepresentation would surely have been revealed during a later deposition, and Plaintiff's counsel would have faced severe sanctions. Moreover, although he is presently unavailable, Mr. Priester was an eyewitness to the shooting who has given a videotaped interview to which the parties have equal access. Any information that he possesses regarding the shooting has presumably been divulged in the videotaped interview. And, even assuming *arguendo* that Mr. Priester revealed information to Plaintiff's investigator that he withheld in the videotaped interview, Plaintiff was forthcoming from the outset that her investigator had spoken to Mr. Priester. The contents of that communication are not discoverable, however, as they were done at the direction of counsel and are thus protected by the attorney-client privilege.

In other words, it is unclear what prejudice, if any, has resulted from the delay between the initial response and the verified Amended Response to this particular interrogatory. When the Court asked during the hearing whether counsel for the

Individual Defendants could identify any such prejudice, counsel primarily relied on the argument that this interrogatory is representative of an ongoing pattern of evasiveness by Plaintiff.  However, for the reasons just explained, such a general appeal does not suffice to justify the sanctions sought under Rule 26 for this specific incomplete answer—a judicial admonishment, a finding of waiver of attorney-client privilege, and use of the unverified answer as a party admission.  As to the last of these requested sanctions, the Individual Defendants have failed to identify what authority the Court has to deem Plaintiff's unverified Amended Response to Interrogatory No. 4 as a party admission.  Indeed, Rule 26 **requires** the Court to strike an unsigned discovery response unless a signature is "promptly supplied after the omission is called to the producing party's attention."  Fed. R. Civ. P. 26(g)(2).  Accordingly, the Court shall not grant the Individual Defendants' request to use the response in any fashion and will instead order it stricken.

Notwithstanding the above findings, defense counsel did explain that the Individual Defendants were forced to expend two additional interrogatories to discover the information requested in Interrogatory No. 4.  The Court agrees that this constitutes prejudice and warrants sanctions.  Plaintiff's initial response was incomplete and should have contained the information now given in her response to the Individual Defendants' Interrogatories Nos. 15 and 19, and the Individual Defendants are entitled to two additional interrogatories as a remedy.

## IV. CONCLUSION

Based on the foregoing, the Individual Defendants' Motion to Compel is DENIED IN PART and GRANTED IN PART as follows.

The Court ORDERS Plaintiff to supplement her response to Interrogatory No. 7 by providing a full and complete inventory of all material facts and documentation that she presently contends are supportive of any potential theory of liability underlying her excessive force claim against the Individual Defendants.

Due to the prejudice caused by Plaintiff's insufficient response to Interrogatory No. 7, the Court vacated the depositions set for February 2, 2018 and throughout the week of February 5-9, 2018. Therefore, it is further ORDERED that those vacated depositions may not be taken until seven days after the production of Plaintiff's amended response to Interrogatory No. 7.

Interrogatory No. 19 impermissibly seeks information protected by the attorney work-product doctrine. Accordingly, the Individual Defendants' motion to compel an answer thereto is DENIED.

It is further ORDERED that the Individual Defendants be granted two additional interrogatories beyond the twenty-five interrogatories permitted by the Court's Order Setting Pretrial Deadlines and Briefing Schedule (*doc. 160*).

Additionally, counsel for the Individual Defendants may question Plaintiff regarding the inconsistency between her July 7, 2017 verified response to their

Interrogatory No. 4 and her October 16, 2017 amended verified response.  Such questioning will be subject to the attorney-client privilege, however.

Finally, Plaintiff's August 3, 2017 Amended Responses to Individual Defendants' First Set of Interrogatories to Plaintiff (*doc. 197-7*) are unsigned and are thus hereby STRICKEN in accordance with Fed. R. Civ. P. 26(g)(2).

**IT IS SO ORDERED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE